## 67832. WINTER v. THE STATE.

POPE, Judge.

Rodney Rozier Winter brings this appeal from his conviction of child molestation. *Held*:

1. Appellant's first enumeration of error protests the trial court's denial of his motion for directed verdict on the ground that a fatal variance existed between the allegations in the indictment and the State's proof at trial. Appellant was charged with the offense of child molestation in that he "did an immoral and indecent act to [the victim], a child under 14 years of age, with intent to arouse and satisfy the sexual desires of said accused, said acts being that said accused did place his finger into the vagina of said [victim]. . . ." The evidence adduced at trial showed that appellant placed his hand in the victim's underwear, "just moving it around." The victim further testified, "He took one of his fingers and like he tried to stick it up me, but I don't know. I don't know what he was trying to do." The victim also testified that appellant pulled her bra over her bust and her shirt over her head and placed his hands on her breasts. The victim conceded on cross-examination that appellant never did get his finger inside her.

Appellant asserts that the State's failure to prove insertion or penetration of his finger into the victim's vagina is a fatal variance requiring a verdict in his favor. We cannot agree. "Under the test announced in *DePalma v. State,* 225 Ga. 465 (169 SE2d 801) (1969) and *Dobbs v. State,* 235 Ga. 800 (221 SE2d 576) (1976), a variance is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense. Basically, it is a test to determine whether the variance has affected the substantial rights of the defendant. [Cit.] Where the variation is technical or trivial, or where the allegations and the proof substantially correspond, such that it cannot be said that the defendant was misled or prejudiced, the variance will not be fatal. [Cit.]" *Abercrombie v. State,* 145 Ga. App. 204 (243 SE2d 567) (1978). In our view, the allegations and the proof in the case at bar substantially corresponded, such that it cannot be said that appellant was misled or prejudiced. Thus, any variance was not fatal and the trial court did not err in overruling the motion for directed verdict on that ground. *Reynolds v. State,* 147 Ga. App. 488 (3a) (249 SE2d 305) (1978). See *Byers v. State,* 236 Ga. 599 (1) (225 SE2d 26) (1976); see generally *Maxey v. State,* 159 Ga. App. 503 (1) (284 SE2d 23) (1981); 15 EGL, Indictments & Accusations, § 22 (1980 Rev.).

2. Appellant's remaining enumeration cites as error a charge given by the trial court in response to a request by the jury for a "clarification" of the terms used in the indictment. Specifically, the language complained of instructed the jury "that in the crime of child molestation it is irrelevant whether or not penetration [of appellant's finger into the vagina of the victim] occurred." Clearly, the cited instruction is correct as an abstract principle of law. "A person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). The crime of child molestation can be committed by any one of a variety of immoral and indecent acts. See, e.g., *Wiley v. State,* 150 Ga. App. 607 (3) (258 SE2d 286) (1979). See also *McCord v. State,* 248 Ga. 765 (285 SE2d 724) (1982). However, "[i]n criminal prosecutions the court's instructions to the jury must be tailored to fit the charge in the indictment and the evidence admitted at trial. [Cits.] This is particularly true when the offense charged may be committed in one of several ways, but the indictment charges one specific method." *Walker v. State,* 146 Ga. App. 237, 244 (246 SE2d 206) (1978). "In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved." *Hall v. State,* 120 Ga. 142 (1) (47 SE 519) (1904). The indictment in this case charges the manner in which the

child molestation was committed with particularity, as having been done by appellant placing his finger into the vagina of the victim. We cannot say that the act alleged in the indictment was an unnecessary fact which need not have been proved.

As noted in Division 1 of this opinion, the allegata and probata substantially corresponded such that it cannot be said that appellant was misled or prejudiced; i.e., although the evidence disclosed no actual penetration by appellant's finger of the victim's vagina as alleged in the indictment, the victim's testimony that appellant placed his hand inside her underwear and attempted to penetrate her vagina with one of his fingers was proof which substantially corresponded to the allegation in the indictment. See *Reynolds v. State*, supra. In *Habersham v. State*, 79 Ga. App. 244 (53 SE2d 578) (1949), this court held: "Proof that the deceased, in a criminal homicide case, met his death in a manner *vastly different* from that alleged in the indictment, and that the weapon shown to have been used was in no way similar to the one alleged, results in a fatal variance between the pleading and the proof. Accordingly, a charge of the court, authorizing the jury to return a verdict of guilty upon finding that the deceased met his death in the manner *vastly different* from that alleged, is error." (Emphasis supplied.) In the case at bar, unlike the situation in *Habersham*, the allegation and the proof were not "vastly different" but, instead, substantially corresponded. Also unlike the situation in *Habersham*, the charge complained of here did not authorize the jury to return a verdict of guilty upon finding that the victim was molested in a manner "vastly different" from that alleged. Rather, the charge simply instructed that actual penetration of the victim's vagina was not an essential element of proof of the crime charged. Under these circumstances, the charge complained of does not require reversal of appellant's conviction. See also *McDow v. State*, 113 Ga. 699 (2) (39 SE 295) (1901); *Bowman v. State*, 144 Ga. App. 681 (5) (242 SE2d 480) (1978); *Eller v. State*, 48 Ga. App. 163 (3) (172 SE 592) (1934).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 25, 1984 —
REHEARING DENIED JULY 10, 1984 —

John R. Hesmer, for appellant.
Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney, for appellee.