### 42064. BRADLEY v. THE STATE.
(333 SE2d 578)

SMITH, Justice.

A Fulton County jury found appellant, Levi Roy Bradley, guilty of the rape and murder of Ruth Tweed, his co-worker at the Guest Quarters. Appellant was given consecutive life sentences. He raises one enumeration of error. We affirm.[1]

---

[1] The crime was committed on January 24, 1983. The Fulton County jury returned its verdict of guilty on May 4, 1983. A motion for new trial was filed on June 2, 1983, heard on December 14, 1984, and overruled on December 14, 1984. Notice of appeal was filed January 14, 1985. The transcript of evidence was filed on February 21, 1985. The record was docketed in this Court February 25, 1985, and the case was submitted April 12, 1985.

At 9:00 p.m. on January 24, 1983, the victim walked to the parking lot of the Guest Quarters to leave her keys in her car so her sister could take the car at 9:30. The victim's sister did not see her when she picked up the car. The assistant manager of the Guest Quarters became nervous when the victim did not return from the parking lot by 10:00 p.m., and she arranged a search. The victim's half-nude body was found in a ditch behind the Guest Quarters' garbage container shortly after 11:00 p.m. She had been stabbed in the throat.

A dish carrier at the Guest Quarters saw appellant and the victim talking in the parking lot at 9:15 that night. When first questioned by the police, appellant acknowledged that he had talked to the victim at that time, but he denied having killed her. He later admitted that he had injected cocaine at 8:00 that night, and that although he could not be sure, he might have killed the victim. He felt as though he had done something evil.

Investigators found blood matching the victim's blood-type and different from appellant's blood-type upon the jacket that appellant wore on the night of the murder. A forensic serologist found seminal fluid and spermatozoa on a vaginal swab taken from the victim. The serologist found no sign of seminal fluid or spermatozoa in the victim's panty hose, which had been pulled down to her ankles. An expert also found that hair taken from a tree branch at the crime scene could have come from appellant's head.

1. Although appellant has not raised the general grounds, we have reviewed the record and find the evidence sufficient to support the conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. An investigator for the Fulton County Medical Examiner testified as an expert as to the time of the victim's death. Appellant claims that the state failed to properly qualify the investigator as an expert, primarily because the investigator was not a forensic pathologist. He asserts that the investigator's testimony should have, thus, been excluded.

The investigator testified that he had been involved in at least 800 inquiries into the time of a victim's death. He explained the method that he used in reaching a conclusion. The witness showed special knowledge gained from experience in the field in question. The trial court, thus, did not abuse its discretion in ruling the expert qualified and in admitting his subsequent testimony into evidence. *Jester v. State*, 250 Ga. 119 (296 SE2d 555) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 4, 1985.

*Kenneth D. Feldman,* for appellant.

Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General, for appellee.

