## 70896. McCOLLUM v. THE STATE.
### (338 SE2d 460)

DEEN, Presiding Judge.

In 1972 the appellant, Raleigh O. McCollum, married Helen McCollum, who had three children by a previous marriage. On May 6, 1984, when threatened with a disciplinary whipping by the appellant, one of the appellant's stepdaughters, then seventeen years old, told her mother that the appellant had performed various sexual acts with her from the time she was eight years old until she was fourteen. The appellant subsequently was indicted for and convicted of both child molestation and aggravated sodomy, from which this appeal followed. *Held*:

1. The appellant contends that the crime of aggravated sodomy merged with the crime of child molestation as a matter of fact and that the trial court thus erred in sentencing him for aggravated sodomy. If both of the appellant's convictions were in fact based upon the same, single act, only one conviction (that for aggravated sodomy) could stand. *LaPalme v. State*, 169 Ga. App. 540 (313 SE2d 729) (1984); OCGA § 16-1-7, generally. However, review of the record shows that over a span of six years the appellant relentlessly subjected his minor stepdaughter to countless episodes of molestation by performing acts of sodomy. *LaPalme* is inapplicable, since there were multiple, separate acts as bases for each conviction.

We note that although the indictment specifically charged the appellant with having committed child molestation by fondling his stepdaughter's genital area with his hands, the state failed to adduce any testimony about such an episode of mere fondling. Generally, where an indictment sets out an offense as having been done in a particular way, the proof must show it without variance. *Marchman v. State*, 129 Ga. App. 22 (198 SE2d 425) (1973). However, the appellant neither raised the specific issue of such a variance nor attacked the sufficiency of the evidence generally, and this court thus does not address that matter.

2. Careful review of the appellant's remaining enumerations of error discloses no additional ground for reversal.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Carley, Sognier, and Beasley, JJ., concur. Beasley, J., also concurs specially. Banke, C. J., Pope and Benham, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I agree with the majority but conclude also that the testimony of

the prosecutrix supports a reasonable inference that at least some of the acts of sodomy in which appellant used his mouth on her genital area also involved fondling it with his hands.

POPE, Judge, dissenting.

The majority's statement of facts needs some amplification and clarification. Appellant was indicted on two counts, the first alleging child molestation and the second alleging aggravated sodomy. Both counts of the indictment allege that the crimes occurred between January 1, 1975 and December 31, 1982 and that both were perpetrated upon the same victim. The victim's testimony at trial discloses that the "various sexual acts" asserted by the majority as having been committed by appellant upon her person were exclusively acts of sodomy. She testified, "He done [sic] the same things over and over." There is absolutely no evidence whatsoever that appellant at any time ever "fondled the genital area of [the victim] with his hands" as alleged in Count I (child molestation) of the indictment. "Since the convictions for aggravated sodomy and child molestation in this case were based upon the same conduct, it follows that the conviction for child molestation merged into the crime of aggravated sodomy and the conviction and sentence for the former crime must be reversed." *LaPalme v. State*, 169 Ga. App. 540 (1) (313 SE2d 729) (1984); see OCGA § 16-1-7 (a).

The majority attempts to distinguish *LaPalme* by arguing that the convictions therein were based upon a single act, whereas the convictions in the case at bar are based upon "countless episodes of molestation by performing acts of sodomy." Such a distinction is specious, for appellant was not charged with molesting the victim by performing acts of sodomy upon her. "The crime of child molestation can be committed by any one of a variety of immoral and indecent acts. [Cits.]" *Winter v. State*, 171 Ga. App. 511, 512 (320 SE2d 233) (1984). It follows that acts of sodomy in certain cases may also comprise the basis for the crime of child molestation. In the case at bar, however, the only evidence of child molestation was the same evidence which established the crime of aggravated sodomy. There is no basis in law or logic which supports the majority's assertion that because there were "multiple, separate acts" of sodomy that some of these identical acts may be characterized as child molestation for the purpose of obtaining a conviction on one count of the indictment, while the unspecified remainder are characterized as aggravated sodomy for the purpose of obtaining a conviction on the other count of the indictment.

One further point requires comment here. The majority's final remarks, while again conceding the total absence of evidence of child molestation as charged in Count I of the indictment, indicate that a

reversal of appellant's conviction of child molestation in this case might have been effectuated if appellant had challenged same on slightly different grounds. Such procedural niceties, however, present no bar to reversal of a conviction based, as in the instant case, upon a total absence of evidence of guilt. "The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 309 (99 SC 2781, 61 LE2d 560) (1979). It follows that a conviction founded upon the absence of such proof can in no circumstances be allowed to stand.[1] I empathize with the majority's obvious revulsion to appellant's proven acts of sodomy. Nevertheless, this heinous crime provides no legal basis in itself to support appellant's additional conviction of child molestation. To hold otherwise is contrary to all civilized notions of justice and fair play. I therefore dissent.

I am authorized to state that Chief Judge Banke and Judge Benham join in this dissent.

DECIDED NOVEMBER 7, 1985 —
REHEARING DENIED NOVEMBER 21, 1985 —

*Albert F. Burkhalter, Jr.*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.

---

[1] It hardly needs mentioning that this court routinely addresses the general grounds, even in the absence of an appropriate enumeration of error, when reviewing the appeal of a criminal defendant whose counsel has been permitted to withdraw pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). Moreover, the Supreme Court also routinely reviews the general grounds in murder cases where no enumeration assigns error in that regard. See, e.g., *Bradley v. State*, 254 Ga. 654 (1) (333 SE2d 578) (1985).