## 77597. BROOKS v. THE STATE
(379 SE2d 228)

SOGNIER, Judge.

James Calvin Brooks appeals from his conviction of possessing marijuana with the intent to distribute.

Construing the evidence to support the jury's verdict, the record reveals that DeKalb County Police Officer Bullard and his partner staked out a location where about 600 previous arrests for sales of drugs such as marijuana had occurred. They watched for about fifteen or twenty minutes, and observed between five and seven transactions, each lasting about ten to fifteen seconds. Each time, they observed a black male, later identified as appellant, who was standing in a drive-way near an intersection, approach and stop vehicles turning at the intersection and direct them into the driveway. The vehicles stopped, money changed hands, and then appellant passed a manila envelope to the driver or, sometimes, the passenger if there were two people in the car. Appellant then returned to the driveway and awaited the next approaching vehicle. When the two officers started toward appel-lant after he had approached and stopped a Bronco carrying two white males, the men in the Bronco drove off. The officers stopped appellant, and Officer Bullard saw appellant throw a brown paper bag away from him and retain a black bag in his hand. Appellant drew a toy gun from the black bag but did not point it, then dropped the black bag as well and raised his arms. The brown paper bag thrown away by appellant was later found to contain small manila coin enve-lopes ("dime bags") of marijuana. The black bag contained a black toy gun, scotch tape, and small empty marijuana envelopes. No money was found in the black bag, and Officer Bullard could not recollect with certainty whether appellant had any money on him when stopped. He thought appellant did and was allowed to keep it because he told the officers he had children, but a later search of ap-pellant's person and the arrest scene yielded no money.

Appellant denied selling drugs. He testified that a work acquain-tance named Johnson had left the black bag and the envelopes of ma-rijuana at his house that evening, indicating that he would return to get his things. Johnson never returned, and since Johnson had left similar items at his home before, and appellant knew the brown bag contained marijuana (but appellant denied knowing what was in the black bag) and appellant's wife became uneasy about having these items in the house, he took the items Johnson had left and went to a nearby laundry to see if he could find Johnson to return the items. He denied approaching and stopping cars, and denied reaching into the black bag.

1. Appellant first enumerates the general grounds, specifically contending the evidence was insufficient to support the conviction be-cause no money or drugs were seen passing hands. However, this con-tention is not supported by the record. Officer Bullard testified that appellant "would approach [the car], and we would see money change hands first, and then the bag was passed to the person inside the ve-hicle." As appellant admitted that the envelopes found in his posses-

sion contained marijuana, the evidence was sufficient to authorize the jury to convict appellant of the offense charged under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also contends the trial court erred by recharging the jury on the meaning of "distribution." The record reveals that after beginning their deliberations, the jury asked the trial court to define "distribution," and also asked some specific questions regarding "distribution" and requested certain information which had not been given in the evidence presented at trial. Regarding the latter, the trial court instructed the jury that the evidence was closed, and they would have to decide based on the evidence they already had. Regarding the definition of "distribution," before responding to the jury's question the trial court told counsel it would instruct the jury that "distribution" should be given its "common ordinary meaning," and that there were no "magical legal words of any kind." The trial court then specifically asked counsel if they agreed with that, and appellant's counsel said she did. The trial court then so recharged the jury, and after doing so, asked if there were any exceptions to the recharge, to which appellant's counsel replied "[w]e reserve exceptions." When reminded by the judge that she had agreed to the recharge before it was given, appellant's counsel replied, "[w]ell, I guess I kind of did. Yes, sir, I agreed to that." In admitting that she had agreed to it, appellant's counsel waived any exception to the recharge. " '[A] litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an [alleged] erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. [Cit.]' [Cit.]" *Sanders v. State*, 181 Ga. App. 117, 120 (351 SE2d 666) (1986). Any issues "not raised in the trial forum in any form calling for a ruling will not be considered on appeal, for this is a court for correction of errors made by the trial court. [Cit.]" *Bennett v. State*, 187 Ga. App. 234, 235 (369 SE2d 552) (1988). Consequently this issue was not preserved for appeal.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 22, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *Gregory A. Adams, Barbara B. Conroy*, Assistant District Attorneys, for appellee.