A91A0637. PIERCE v. THE STATE.
(405 SE2d 325)

McMURRAY, Presiding Judge.

Defendant Pierce appeals his conviction of five felony offenses,
three counts of armed robbery and two counts of possession of a fire-
arm during the commission of a felony, as well as the misdemeanor
offense of driving under the influence of alcohol. The jury returned
verdicts of guilty but mentally ill on all of the felony offenses. *Held*:

1. Three of defendant's enumerations of error relate to issues
concerning the voluntariness of defendant's ceasing to take certain
medication. For 17 or more years prior to the occurrence of the of-
fenses with which defendant is charged, he was under virtually con-

tinuous treatment for mental problems. Defendant had been diagnosed as a chronic paranoid schizophrenic and been placed on psychotropic medication. Several months prior to the dates of the offenses with which he is charged defendant ceased to take his medication. Such a decision to cease the medication is common among those who suffer defendant's affliction and may be viewed as a symptom of the disease. While the court-appointed psychologist testified that due to the absence of the medication it was extremely likely that defendant was experiencing psychotic behavior at the time of the offenses, he opined that defendant did not meet the test for being insane.

Nonetheless, neither the disease nor the cessation of medication, whether viewed as having occurred voluntarily or involuntarily, amounts to a basis for an insanity defense where a defendant retains his ability to distinguish between right and wrong at the time of the crime and there is no delusional compulsion that overmastered defendant's will to resist committing crime. *Caldwell v. State*, 257 Ga. 10, 11 (1) (354 SE2d 124); *Nelms v. State*, 255 Ga. 473, 475 (2) (340 SE2d 1). It follows that the trial court did not err in curtailing the defendant's cross-examination of the court-appointed psychologist, called to testify pursuant to OCGA § 17-7-130.1, since defendant's queries concerning the "voluntariness" of defendant's cessation of his medication were not relevant to the issues being tried. Nor did the trial court err in failing to give defendant's requested charge on this issue. Furthermore, we find no merit in defendant's contention that the trial court's charge on the definition of "voluntary," given in connection with a charge on the defense of intoxication, was not adjusted to the evidence.

2. The indictment also charged defendant in count six with the offense of possession of a firearm by a convicted felon. A bifurcated trial, as to count six, was directed so that evidence in this regard would be placed before the jury only after it had returned a verdict as to the other counts. During the first portion of the bifurcated procedure, a redacted copy of the indictment was prepared to be sent out with the jury. Prior to the redacted indictment being sent out with the jury the parties were provided an opportunity to examine it and state any objection. Defendant made no objection related to the charge of possession of a firearm by a convicted felon. After the redacted indictment was sent out with the jury and deliberations begun, the jury returned with a question which made it apparent that a reference to the offense of possession of a firearm by a convicted felon had not been masked out. While the trial court gave corrective instructions, defendant moved for a mistrial.

We hold that the defendant waived any objection to the redacted indictment which was not stated when requested by the trial court. The subsequent motion for mistrial was not timely. *Thompson v.*

*State*, 258 Ga. 816, 817 (2) (375 SE2d 219); *Nixon v. State*, 255 Ga. 656, 658 (2a) (340 SE2d 7); *McCounly v. State*, 191 Ga. App. 266, 269 (5) (381 SE2d 552); *Brooks v. State*, 190 Ga. App. 430, 432 (2) (379 SE2d 228); *Martin v. State*, 189 Ga. App. 483, 491 (7) (376 SE2d 888).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 2, 1991.

*Shaw, Maddox, Graham, Monk & Boling, C. Wade Monk II, Scott M. Smith*, for appellant.

*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.