A98A0967. TUCKER v. THE STATE.
(501 SE2d 868)

ELDRIDGE, Judge.

Appellant Anthony Shane Tucker went to trial on a six-count indictment charging Tucker with rape, statutory rape, aggravated sodomy, two counts of aggravated sexual battery, and aggravated child molestation. He faced life plus 40 years imprisonment. A Polk County jury convicted him solely of the lesser included offense of child molestation. He received five years imprisonment and ten years probation. Here, Tucker claims his trial attorney was ineffective.

At the hearing on the motion for new trial, Tucker alleged that he received ineffective assistance of counsel because his trial attorney: (a) failed to object when the case was called for trial two weeks earlier than expected and, therefore, failed to interview any State or potential defense witnesses prior to trial; (b) failed to object to the victim and her cousin sitting together on the witness stand during the victim's testimony; and (c) failed to object to a violation of the rule of sequestration.[1] The trial court denied the motion for new trial. *Held*:

---

[1] In this appeal, Tucker also raises these issues as individual, substantive enumerations. However, the failure to object waives theses issues as independent claims of error. See, e.g., *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992).

"At the hearing on the motion for new trial, the burden was on appellant to establish that he received ineffective assistance of trial counsel. *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993). To meet this burden, appellant was required to show not only that trial counsel's performance was deficient [error], but also that, absent trial counsel's deficient performance, there is a reasonable likelihood that the outcome of the trial would have been different [prejudice]. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Hayes v. State*, 263 Ga. 15 (426 SE2d 557) (1993)." (Citation omitted.) *Hightower v. State,* 227 Ga. App. 74, 80 (487 SE2d 646) (1997).

(a) Defense counsel met with Tucker on and off for four months prior to trial. Counsel was in possession of detailed statements summarizing the testimony of all State's witnesses, as well as the police report of the incident. He announced ready for trial two weeks prior to the actual trial date. Further, at trial defense counsel called five witnesses on Tucker's behalf. Tucker has not identified any additional witnesses that should have been called. Defense counsel was successful in obtaining not guilty verdicts on all counts as indicted. Thus, Tucker has failed to show a valid reason for defense counsel to request a continuance in this case.

(b) The 14-year-old molestation victim was afraid to testify. As defense counsel stated at the hearing, the jury saw her "crying, very tearful, very upset at having to testify, and as a matter of fact, she had to leave the courtroom a couple of times." The victim asked that her teenage cousin be allowed to sit with her on the witness stand during her testimony. Defense counsel did not object. We find this a reasonable, strategic decision and can only wonder at the jury's reaction if defense counsel had done otherwise.

(c) The teenage cousin who sat with the victim was also an outcry witness for the State. Tucker's attorney was in possession of her pre-trial statement to the police regarding what the victim had told her. Her trial testimony conformed to that pretrial statement, and no attempt was made to impeach her with it. Thus, Tucker has not shown a reason for defense counsel to have objected to any violation of the rule of sequestration.

Both prongs of the *Strickland* standard, error and prejudice, must be shown in order to warrant reversal on an ineffective assistance claim. *Thompson v. State*, 191 Ga. App. 906 (383 SE2d 339) (1989). Tucker has failed to demonstrate either prong. Accordingly, we find that the trial court properly denied Tucker's motion for new trial premised on his claim of ineffective assistance of counsel.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 23, 1998.

*Gammon & Anderson, W. Wright Gammon, Jr.*, for appellant.
*James R. Osborne, District Attorney*, for appellee.