A98A0956. WHEELER v. THE STATE.
(503 SE2d 628)

BLACKBURN, Judge.

Rick Ira Wheeler was convicted following a jury trial of aggravated assault under OCGA § 16-5-21 (a) (2). He contends the trial court erred in denying his motion for a directed verdict of acquittal because the state failed to prove he attacked his victim with a deadly weapon. We disagree and affirm.

A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Alexander v. State*, 263 Ga. 474, 478 (3) (435 SE2d 187) (1993). The test set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). On appeal a reviewing court may consider all the evidence in the case, and must view the evidence in the light most favorable to the verdict. Id.

Viewed in this light, the record reveals these pertinent facts: On June 3, 1996, Wheeler pulled the victim, a female acquaintance of his, into his hotel room. He stripped her of her clothes and beat her by striking and kicking her. Wheeler beat the victim about the face so severely that her eyes swelled shut and she could not see. The victim tried to flee, but Wheeler grabbed her and threatened to kill her if she left. When Wheeler went into the bathroom, the victim tried to phone for assistance. She testified that Wheeler caught her doing this, took the telephone receiver from her and beat her at least ten times with it. She testified that two of her teeth were broken out during the prolonged attack, most likely during the beating with the telephone. She was finally able to escape when Wheeler, who was drunk, passed out on the hotel bed. The victim stumbled, blind and naked, out of the room and eventually found help. The deputy sheriff who found her, testified that the victim was terrified that Wheeler was going to kill her. The victim's face was so swollen and bruised following the attack that her mother did not recognize her.

Wheeler contends the state failed to carry its burden of proving an aggravated assault under OCGA § 16-5-21 (a) (2) because the state failed to present sufficient evidence that Wheeler used an object which when used offensively against the victim was likely to or actually did result in serious bodily injury. The victim's testimony provided direct evidence from which the jury could conclude that Wheeler struck the victim with his hands and feet and with the telephone receiver. Although hands, feet, and a telephone receiver are

not deadly weapons per se, "a jury may find them to be deadly depending upon their use, wounds inflicted, and other surrounding circumstances." *Richards v. State*, 222 Ga. App. 853, 854 (1) (a) (476 SE2d 598) (1996); *Banks v. State*, 169 Ga. App. 571 (1) (314 SE2d 235) (1984). "[W]hether the instrument used constitutes a deadly weapon is properly for the jury's determination." *Quarles v. State*, 130 Ga. App. 756, 757 (2) (204 SE2d 467) (1974). Given the circumstances of the attack, the nature of the victim's wounds, and the manner in which Wheeler used his fists, feet, and the telephone receiver to beat the victim, we conclude the evidence was sufficient to authorize a rational trier of fact to find Wheeler guilty of aggravated assault beyond a reasonable doubt under the standard set forth above. See, e.g., *Richards v. State*, supra; *Banks v. State*, supra.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 3, 1998.

*Pierce Winningham III*, for appellant.
*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.