A99A0086. PRICE v. THE STATE.
(513 SE2d 40)

Judge Harold R. Banke.

Brian S. Price was convicted of aggravated assault. He enumerates five errors on appeal.

This case arose in the evening after the victim, Price's wife, took the keys to his car to prevent him from driving drunk. She left with the keys and stayed away all night, drinking coffee in a gas station until she reported for work the next morning. After she arrived at work, Price came in, still intoxicated, wanting his keys. At that point, the victim telephoned the police. When she refused to relinquish the

keys, he threw her to the ground, hit her in the face, and repeatedly kicked her in the back and stomach. Price left as the police arrived, but was apprehended and arrested. *Held*:

1. The record refutes Price's contention that the evidence was insufficient to sustain his conviction because the State introduced no evidence showing that the victim sustained serious bodily injury. The victim testified that Price pushed her down and hit her in the face. A paramedic who drove her to the hospital testified that the victim "had massive damage to the face, [her] left eye was swollen, [and] she had a large hematoma to the back of her head." The victim told the paramedic that her husband had kicked her several times in the stomach and the back and hit her on the back of the head with a telephone. Photographs and other witnesses corroborated the extent of the victim's injuries. This evidence is sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In this same enumeration, Price also appears to argue that his indictment was fatally flawed because it failed to (1) allege the manner in which each of the three weapons mentioned therein delivered each injury or (2) characterize those weapons as deadly.[1] Our law prohibits defendants from enlarging the scope of their enumerations in their briefs. *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997). Were we to reach his arguments, we would reject them in any event. See *Stone v. State*, 229 Ga. App. 367, 370 (1) (b) (494 SE2d 48) (1997) (proof that Stone committed the crime in one of the ways alleged in the indictment was all that was required); see also *Jay v. State*, 232 Ga. App. 661, 662 (1) (503 SE2d 563) (1998) (when an indictment charges that the weapon used in an aggravated assault was likely to cause serious bodily injury, no reference to deadly weapons is required).

2. Price maintains that the trial court's recharge on aggravated assault improperly defined the offense as "an attempt to commit a violent injury to the person of another."[2] The record shows that after the recharge, the trial court inquired whether counsel had any exceptions. Defense counsel stated, "None from the defendant." A party

---

[1] The indictment charged Price with striking and kicking the victim "with his hands and feet and a telephone receiver, which when used offensively . . . [was] likely to result in serious bodily injury."

[2] In an apparent slip of the tongue, the trial court characterized assault as aggravated assault. The court charged the jury as follows:

> Aggravated assault is an attempt to commit a violent injury to the person of another, an act which places another person in reasonable apprehension of immediately receiving a violent injury. A person commits the offense of aggravated assault when that person assaults another person with any object which, when used offensively against a person, is likely to result in serious bodily injury.

cannot acquiesce to an error and then assert it on appeal. *Brooks v. State*, 190 Ga. App. 430, 432 (2) (379 SE2d 228) (1989). We note that the initial charge correctly stated the law and the evidence of aggravated assault was overwhelming. *Willingham v. State*, 268 Ga. 64, 66 (5) (485 SE2d 735) (1997); *Hunley v. State*, 227 Ga. App. 234, 235 (1) (488 SE2d 716) (1997); OCGA § 16-5-21 (a) (2).

3. Price argues that the trial court erred by failing to define deadly weapon in its charge or inform the jury that hands, feet, and a telephone may or may not be deadly weapons, depending upon their use. Price's failure to request this charge in writing precludes his argument. *Grice v. State*, 199 Ga. App. 829, 830-831 (6) (406 SE2d 262) (1991). Moreover, Price was not charged with assault with a deadly weapon.

4. Price claims the trial court erred in reading the indictment to the jury without including an allegation that deadly weapons were involved. The indictment did not charge the deadly weapons language of OCGA § 16-5-21, and such was not required. *Jay*, 232 Ga. App. at 662 (1). It follows that that language would not have been in the indictment when the trial court read it to the jury and its exclusion was not error.

We observe that the trial court's reading of the indictment also erroneously omitted language describing the weapons as "when used offensively likely to result in serious bodily injury." But Price does not argue that this omission was error. Moreover, the evidence is overwhelming, the indictment was sent into the deliberations, and the court instructed the jury that the official charge they should consider was in the indictment. See *Favors v. State*, 182 Ga. App. 179, 180 (1) (355 SE2d 109) (1987).

5. Price maintains his trial counsel was ineffective for failing to object and reserve objections to the erroneous recharge on aggravated assault. See Division 2. To establish ineffectiveness, a defendant must show that trial counsel's performance was deficient and the deficiency caused sufficient prejudice to deprive him of a fair trial. *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188) (1992). Such evidence must overcome the "strong presumption" that counsel's performance fell within the wide range of reasonable professional assistance. Id. We need not reach the deficiency issue absent a showing of prejudice. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). Here, the overwhelming evidence and the fact that the jury had the indictment during its deliberations prevent Price from establishing a reasonable likelihood that the trial's outcome would have been different had counsel objected to the recharge. *Tucker v. State*, 232 Ga. App. 350, 351 (501 SE2d 868) (1998).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 23, 1999 —
RECONSIDERATION DENIED MARCH 17, 1999 — 

William J. Mason, for appellant.

Brian S. Price, pro se.

J. Gray Conger, District Attorney, Patrick B. Moore, Assistant District Attorney, for appellee.