## A99A0554. BUICE v. THE STATE.
(520 SE2d 258)

RUFFIN, Judge.

Abe Lee Buice was charged with molesting his ten-year-old daughter on two occasions by placing his finger in her vagina. A Spalding County jury found Buice guilty of two counts of child molestation, and Buice appeals, asserting numerous errors. We affirm.

1. In his first enumeration of error, Buice contends that the trial court erred in allowing the State to try him on an indictment that had been nolle prossed. Buice was indicted twice, once in 1994 and

---

once in 1996. The 1994 indictment accused Buice of placing his finger in the vagina of his daughter, once on July 14, 1994, and once during the month of September 1994. The 1996 indictment accused Buice of fondling the vagina of his daughter twice during the month of September 1994.

The case was scheduled for trial on February 24, 1997. On February 20, 1997, the trial court entered an order consenting to the State's entry of nolle prosequi on the 1994 indictment because the charges had been re-indicted in 1996. Shortly before trial, the State informed the trial court that the State had made a mistake in requesting the entry of nolle prosequi on the 1994 indictment. The State then moved for an order from the trial court rescinding the order of nolle prosequi, and, on February 24, 1997, the trial court issued an order vacating its earlier order.

Buice argues that the State should not have been permitted to try him on the 1994 indictment. According to Buice, once an order of nolle prosequi has been entered, "the indictment is dead and no subsequent Order can bring the dead indictment back to life." Thus, Buice argues that the State's only recourse was to re-indict him prior to proceeding with the trial.[1]

An order of nolle prosequi "is the State's formal action on its decision not to further prosecute that indictment." *Redding v. State*, 205 Ga. App. 613, 614 (2) (423 SE2d 10) (1992). "A nolle prosequi cannot be entered without the consent of the trial court." *State v. Davis*, 159 Ga. App. 537, 538 (1) (284 SE2d 51) (1981); OCGA § 17-8-3. The entry of nolle prosequi does not act as an acquittal or bar future prosecution for the same offense. *McGahee v. State*, 133 Ga. App. 964, 966 (3) (213 SE2d 91) (1975). Thus, an order of nolle prosequi "is not necessarily the ending of the prosecution, but the continuance of the same" as the State clearly has the authority to re-indict the defendant for the same offense. *Earlywine v. Strickland*, 145 Ga. App. 626, 627 (244 SE2d 118) (1978).

The issue before us is whether, in addition to re-indicting the defendant, the State can revive a prosecution by petitioning the trial court to vacate its order consenting to the entry of nolle prosequi. In other words, does the trial court have authority to rescind its approval of the entry of nolle prosequi? Although we are aware of no Georgia case on point, several other jurisdictions have dealt with this issue and provide some guidance.

The Illinois Supreme Court addressed this issue in *People v. Watson*, 324 Ill. 177 (68 NE2d 265) (1946) and reasoned that:

---

[1] We note that Buice does not claim that he was prejudiced or surprised by the trial court's February 24 order.

[c]ourts of general jurisdiction have inherent authority, during the term, to vacate any judgment or order that may have been made at that term. This was the rule at common law and prevails in most jurisdictions. Considering then that a court has the inherent power to set aside judgments and orders made during the term, can any sound argument be advanced why a court has not the power to set aside a dismissal of an indictment or information and reinstate the case during the term at which the dismissal was entered? The general rule is that a nolle prosequi or a dismissal of a criminal charge, if made prior to the time a jury is impaneled and sworn, is not a bar to a subsequent prosecution for the same offense. There is no difference, so far as the defendant's rights are concerned, whether, after the dismissal of a charge, a new information or indictment is filed or the order of dismissal set aside and defendant tried on the old information or indictment. An order of dismissal or a nolle prosequi in a criminal case may be set aside during the term at which the order is made.

(Punctuation omitted.) Id. at 181.

Similar reasoning has been employed in other jurisdictions including the Ninth Circuit, Missouri, Arizona and Pennsylvania. *United States v. Emens*, 565 F2d 1142, 1144-1145 (9th Cir. 1977) (dismissal of indictment); *State v. Montgomery*, 276 SW2d 166, 167-168 (Mo. 1955); *Commonwealth v. Ashe*, 138 Pa. Super. 222, 227-228 (11 A2d 173) (1940); *Condos v. Superior Court for Maricopa County*, 29 Ariz. 186, 190-191 (239 P. 1032) (1925) (dismissal of action).

As in Illinois, courts of record in Georgia "retain full control over orders and judgments during the term at which they were rendered, and, in the exercise of a sound discretion, may revise or vacate them." See *Drain Tile Machine v. McCannon*, 80 Ga. App. 373, 375 (56 SE2d 165) (1949); see also *Bowen v. State*, 144 Ga. App. 329, 330-331 (241 SE2d 431) (1977). In addition, Georgia follows the general rule that a nolle prosequi or a dismissal of a criminal charge is not a bar to a subsequent prosecution for the same offense. *Earlywine*, supra. Thus, we conclude that, notwithstanding Buice's contention to the contrary, trial courts in Georgia do have authority to vacate an order of nolle prosequi. See *Clark v. Black*, 136 Ga. 812, 816 (5) (72 SE 251) (1911) ("the entry of nolle prosequi has the same force of conclusiveness ordinarily incidental to judgments, and cannot be collaterally attacked"). Accordingly, the trial court did not err in allowing the State to proceed on the indictment.

2. Buice asserts that the trial court erred in allowing a witness to testify regarding the victim's credibility. Prior to admitting the testi-

mony of Suzanne Howell from the Department of Family & Children Services regarding the victim's statement under the Child/Victim Hearsay Statute, OCGA § 24-3-16, the trial court asked Howell, in the presence of the jury, whether the victim had exhibited "a general attitude of credibility" during the interview process. Howell responded that she "had a very strong conviction in her heart" that the victim was telling the truth. According to Buice, the trial court erred in questioning a witness about the victim's credibility in front of the jury. We agree.

It is well settled that "[i]n no circumstances may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth." *Price v. State*, 220 Ga. App. 176, 177 (2) (b) (469 SE2d 333) (1996); *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994); *Guest v. State*, 201 Ga. App. 506, 507 (1) (411 SE2d 364) (1991). The credibility of a witness is a matter exclusively for determination by the jury. OCGA § 24-9-80. Testimony that another witness believes the victim impermissibly bolsters the credibility of the victim. *Roberson*, supra. Accordingly, Howell's statement regarding the victim's truthfulness constituted impermissible bolstering. *Cline v. State*, 224 Ga. App. 235, 237 (2) (480 SE2d 269) (1997).

In this case, the victim was not consistent regarding her allegations of abuse. When Howell first interviewed her, the victim claimed that, on July 14, 1994, Buice put his hands in her panties and put his finger in her vagina. During a subsequent interview with Howell, however, the victim recanted, telling Howell that the incident "didn't happen." At trial, the victim once again claimed that her father had molested her by rubbing her "private parts." With respect to her prior inconsistent statement to Howell, the victim testified that she recanted during the second interview with Howell as a result of family pressure.

Prior to addressing the victim's credibility, Howell testified that she had worked as an investigator on children's cases from 1987 to 1995 and that she had received specialized training with respect to handling molestation cases and interviewing victims. In view of Howell's expertise, her testimony that she believed the victim was truthful would have been particularly compelling to the jurors. It is for this reason that our courts have consistently held that expert witnesses may *not* testify regarding truthfulness or credibility. *Smith v. State*, 259 Ga. 135, 138 (2) (377 SE2d 158) (1989); *Cline*, supra; *Price*, supra; *Roberson*, supra; *Guest*, supra.

The State contends that Howell's testimony was not objectionable because it was not the result of an attempt by the State to bolster the victim's credibility. Rather, the statement was made in response to the trial court's inquiry under OCGA § 24-3-16. However,

as Howell's statement was made in front of the jury, it was objectionable notwithstanding the fact that the trial court rather than the State elicited the testimony.

Pursuant to OCGA § 24-3-16, a trial court may admit

a statement made by a child under the age of 14 years describing any act of sexual contact . . . performed with or on the child by another . . . if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

The Code section does not specify the procedure the trial court should use in determining whether to admit such statements. In *Reynolds v. State*, 257 Ga. 725 (363 SE2d 249) (1988), the Supreme Court concluded that a trial court is not required to conduct a hearing prior to admitting the testimony. Id. at 726 (2). However, if the trial court does choose to conduct such a hearing and to ask pointed questions regarding a victim's credibility, logic dictates that the trial court conduct the hearing *outside the presence of the jury*. Here, in questioning Howell in front of the jury, the trial court violated well-established rules forbidding testimony that bolsters the credibility of the victim.

Despite the impropriety of Howell's testimony, Buice did not object to its admission at trial. As a general rule, "it is too late to urge objections to the admission of evidence after it has been admitted without objection. It is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised." (Punctuation omitted.) *Davitt v. State*, 232 Ga. App. 427 (1) (502 SE2d 300) (1998). However, there is an exception to this general rule in cases of plain error. *Sanchez v. State*, 234 Ga. App. 809, 811 (3) (508 SE2d 185) (1998). "[P]lain error [is] that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding." *Hittson v. State*, 264 Ga. 682, 691 (15) (449 SE2d 586) (1994). Thus, we must determine whether the admission of Howell's testimony regarding the victim's truthfulness constitutes plain error.

Although we do not condone the trial court's conduct, we cannot say that it constitutes plain error. The victim's testimony was not the *only* evidence linking Buice to the crimes. Compare *Price*, supra (no evidence of molestation except testimony of victims). Here, Buice confessed to the crime. Given this confession, we find it improbable that Howell's testimony was the deciding factor for jurors. See *Cline*, supra. As this is not a case of plain error, Buice waived the error by failing to object. *Kapua v. State*, 228 Ga. App. 193, 196 (2) (491 SE2d 387) (1997).

3. Buice contends the trial court erred in admitting evidence of similar transactions without first conducting a hearing in accordance with Uniform Superior Court Rule (USCR) 31.3. Although Buice failed to object to the admission of any of the allegedly objectionable testimony, this Court has held that failure to object under these circumstances does not constitute waiver.[2] *Riddle v. State*, 208 Ga. App. 8, 10-11 (1) (b) (430 SE2d 153) (1993). Thus, we must determine whether the evidence was erroneously admitted. Even if the trial court did err in admitting similar transaction evidence, the error alone "is not automatically grounds for a new trial but is subject to scrutiny for harmless error." *Hall v. State*, 230 Ga. App. 741, 743 (497 SE2d 603) (1998).

Buice cites numerous instances where he claims the prosecution elicited "devastating and prejudicial other crime evidence." The first occurred after the victim testified that her sister, Michelle, had asked her whether her father had "touched [her] anyplace that was wrong." When the prosecutor asked the victim why Michelle asked the question, the victim responded that she did not know, but that she "had heard that when [Michelle] was little he did the same thing to her." The prosecutor did not ask any other questions pertaining to the alleged molestation of the victim's sister. Pretermitting whether the victim's statement constitutes evidence of a similar transaction, we fail to see how Buice was harmed. The victim did not testify that Buice *had* molested Michelle, merely that she had heard about an earlier incident. Accordingly, the admission of this testimony was harmless. *Hall*, supra.

Next, Buice complains that the trial court erred in allowing the victim to testify about other instances of molestation by Buice that were not listed in the indictment. However, there is no requirement that the State comply with USCR 31.3 when presenting evidence of prior difficulties between the victim and the accused. *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).

Buice claims as error the admission of evidence that he molested his daughter, Michelle, and his wife, Jamie, when the two were children.[3] During his case, Buice called Michelle and Jamie as witnesses. Both Jamie and Michelle testified on direct examination about Michelle's allegation that Buice had molested her as a child and claimed that the allegations were false. Thus, the trial court did not err in allowing the State to impeach the two with evidence of their

---

[2] Since it is unnecessary to our analysis, we do not address whether *Riddle* was implicitly overruled by the Supreme Court's decisions in *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998) and *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998).

[3] Buice is five years older than his wife. When Buice's wife was a child, her mother lived with Buice's father and Buice and Jamie lived together as stepbrother and stepsister.

prior statements about the molestation. See *Chezem v. State*, 199 Ga. App. 869, 871 (3) (406 SE2d 522) (1991).

On cross-examination, the State questioned Jamie about allegations she had made that Buice had molested her as a child. Jamie denied the allegations, and the State attempted to impeach her with evidence of a prior inconsistent statement. Even if the admission of this evidence was error, we are persuaded it was harmless, especially in view of the fact that Jamie, the alleged victim, maintained that Buice never molested her. *Hall*, supra.

Finally, we note that after Jamie and Michelle testified, Buice testified on direct examination that he never abused either the victim, or Michelle, or any child. Thus, Buice opened the door for the State's rebuttal testimony regarding Michelle's and Jamie's prior allegations of molestation. See *Davidson v. State*, 231 Ga. App. 605, 612 (6) (499 SE2d 697) (1998); *Landrum v. State*, 210 Ga. App. 275, 278 (7) (436 SE2d 40) (1993). Accordingly, this enumeration of error does not require reversal.

4. Buice argues that a fatal variance existed between the indictment and the evidence presented at trial. Specifically, Buice notes that although the indictment charged him with putting his finger *in* the vagina of the victim, the victim testified that he never placed his finger in her vagina. Rather, she testified that Buice rubbed his hand *on* her vagina.

This discrepancy in the evidence does not constitute a fatal variance. Our courts no longer employ

> an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance fatal.

(Citation and punctuation omitted.) *Turner v. State*, 231 Ga. App. 747-748 (1) (500 SE2d 628) (1998).

In *Winter v. State*, 171 Ga. App. 511-512 (1) (320 SE2d 233) (1984), we addressed the same issue Buice raises here — whether a fatal variance exists when the defendant is charged with placing his finger *in* the vagina of his victim, but the victim testifies that the

defendant never penetrated the vagina. We concluded that, under those circumstances, there was no fatal variance as the defendant was sufficiently apprised of the charges against him. Id. We further noted that there was no danger that the defendant was misled or prejudiced by the language of the indictment. Id. As there is no meaningful distinction between this case and *Winter*, Buice's claim of error lacks merit.

5. Buice next contends the trial court erred in charging the jury on child molestation. In defining this offense, the trial court recited in its entirety OCGA § 16-6-4 (a), which reads: "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

As a general rule, it is not error to charge an entire Code section even though part of the section may be inapplicable. *Perguson v. State*, 221 Ga. App. 212, 213 (1) (470 SE2d 909) (1996). Error arises, however, "if the indictment specifies the commission of a crime by only one of several methods possible under the statute and a reasonable probability exists that the jury convicted the defendant of committing the offense in a manner not charged in the indictment." (Punctuation omitted.) *Hunley v. State*, 227 Ga. App. 234, 235 (1) (488 SE2d 716) (1997). Contrary to Buice's contention, the trial court did not err in charging the jury. As an initial matter, OCGA § 16-6-4 (a) does not provide several methods for committing the offense of child molestation. *Day v. State*, 193 Ga. App. 179, 180 (3) (387 SE2d 409) (1989). Thus, it is highly unlikely that the jury found Buice guilty for committing the offense in some other manner than that charged in the indictment.

Moreover, prior to defining child molestation, the trial court read the indictment to the jurors, informing them of the exact offenses for which Buice had been charged. After reciting OCGA § 16-6-4 (a), the trial court instructed the jury that Buice's guilt must be based upon the offenses as set forth in the indictment. Thus, the trial court properly limited the elements of the crime to those charged in the indictment. *Moses v. State*, 270 Ga. 127, 129 (4) (508 SE2d 661) (1998); *Potts v. State*, 207 Ga. App. 863, 865 (1) (429 SE2d 526) (1993). Under these circumstances, we find no error.

6. In four enumerations of error, Buice argues that the trial court erred in refusing to grant his motion for new trial because he received ineffective assistance of trial counsel. Buice bears the burden of establishing that he received ineffective assistance of trial counsel. *Tucker v. State*, 232 Ga. App. 350, 351 (501 SE2d 868) (1998). To do so, Buice must show not only that his trial counsel's performance was deficient, but also that the deficiency so prejudiced

his defense that, but for trial counsel's performance, a reasonable probability exists that the result of the trial would have been different. *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997). In order for Buice to succeed in his claim, he

> must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result.

(Citation and punctuation omitted.) Id.

(a) Buice claims that his trial counsel was ineffective because she failed to object when DFACS witness Howell testified regarding the victim's credibility. At the hearing on Buice's motion for new trial, his trial counsel testified that she chose not to object because she did not feel that Howell's testimony hurt Buice's case. Pretermitting whether counsel's decision not to object to Howell's testimony constituted ineffective assistance, it does not require reversal as Buice fails to establish prejudice. For the reasons discussed in Division 2, we are persuaded that Howell's statements regarding the victim's credibility were not so significant as to have contributed to the jury's verdict. See *Moss v. State*, 216 Ga. App. 711, 714 (5) (455 SE2d 411) (1995).

(b) Buice also argues that his trial counsel was ineffective in failing to object to the admission of similar transaction evidence because the trial court did not conduct a hearing on the admissibility of the evidence in accordance with USCR 31.1 and 31.3.

At the hearing on Buice's motion for new trial, his trial attorney stated that Buice insisted on taking the stand and testifying in such a way that the allegations of molestation against Michelle and Jamie would surface. In addition, Buice insisted that both Michelle and Jamie, who had recanted their earlier accusations of molestation, testify on his behalf. Buice's trial counsel advised Buice that, by testifying and by calling Jamie and Michelle as witnesses, he would open the door to allegations that he had abused these two women. Nevertheless, Buice and his attorney decided to confront the allegations of molestation directly. Accordingly, the decision to introduce the prior allegations of molestation constituted a tactical decision. The fact that Buice now disagrees with this tactic does not render his counsel's performance deficient. *Mize v. State*, 269 Ga. 646, 655 (11) (501 SE2d 219) (1998).

Buice took the stand at the hearing on the motion for new trial and gave a conflicting version of events. Buice testified that he had not wanted evidence regarding the prior allegations of molestation

admitted during trial. Determining the credibility of the witnesses at the hearing on Buice's motion for new trial was a matter within the trial court's discretion. *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997). Here, we cannot say that the trial court's decision to believe the testimony of trial counsel over that of Buice was clearly erroneous. Accordingly, we will not disturb the trial court's finding on appeal. *York v. State*, 207 Ga. App. 494, 497 (2) (d) (428 SE2d 113) (1993).

(c) In a related claim, Buice asserts that his trial counsel should have requested a limiting instruction on the evidence of other crimes. Buice's trial counsel explained that she opted not to request such an instruction because she "did not want to characterize [the prior allegations of molestation] as similar transactions or crimes or as anything that had been proven to have occurred." Since counsel's decision may be considered trial strategy, reversal is not required. *Johnson v. State*, 268 Ga. 416, 419 (4) (490 SE2d 91) (1997).

(d) Buice argues that his trial counsel rendered ineffective assistance based on her failure to request a jury instruction that prior inconsistent statements can be considered as substantive evidence. During the State's case in chief, the victim testified that, prior to trial, she had been pressured by family members into withdrawing her allegations of molestation. Both the victim and Howell testified that, during one meeting between the two, the victim denied having been molested. On cross-examination, Buice's attorney questioned the victim pointedly about her prior inconsistent statements. However, Buice's trial attorney admittedly did not request a jury instruction on prior inconsistent statements.

We find no error in trial counsel's decision. As the Supreme Court held, "[t]he failure to give a charge on prior inconsistent statements as substantive evidence is not error as absent instructions to the contrary, the jury surely regarded substantively *all* the evidence presented to it." (Punctuation omitted.) *Caldwell v. State*, 263 Ga. 560, 564 (11) (436 SE2d 488) (1993). Thus, this enumeration of error lacks merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 29, 1999 —
RECONSIDERATION DENIED JULY 12, 1999

*Brian Steel*, for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.