73130. ROBERSON v. THE STATE.
(349 SE2d 39)

McMURRAY, Presiding Judge.

The defendant was indicted for the offense of aggravated assault in that he "did make an assault upon the person of Sara Roberson with a certain baseball bat, an object [which] when used offensively resulted in serious bodily injury. . . ." He was found guilty by a jury and now appeals. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred by permitting the State to introduce evidence of an independent crime. This contention is without merit. "Evidence of other criminal acts of the defendant may be admitted if it ' "is substantially relevant for some other purpose than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." ' *Walraven v. State*, 250 Ga. 401, 407 (297 SE2d 278) (1982) (quoting McCormick on Evidence, § 190 at 447, 2d ed., 1972). Accord *Williams v. State*, 251 Ga. 749, 755 (4) (312 SE2d 40)

(1983). Purposes for which other crimes evidence may be offered include motive, intent, bent of mind, course of conduct, absence of mistake or accident (both are aspects of intent), plan or scheme, and identity. *Williams v. State,* supra, 251 Ga. at 755; *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). 'To render evidence of extrinsic offenses admissible for any of these purposes, the state must show that the defendant was the perpetrator of the extrinsic offenses, and that there is a sufficient similarity or connection between the extrinsic offense and the offense charged, such that proof of the former tends to prove the latter.' *Williams v. State,* supra, 251 Ga. at 755." *Rich v. State,* 254 Ga. 11, 13 (325 SE2d 761).

In the case sub judice, it was undisputed that defendant committed the extrinsic offense. Thus, the identity factor is not in question. The "sufficient similarity" factor was also satisfied. Both crimes involved an aggravated assault by defendant upon his wife. At the time of both incidents, defendant was drinking heavily and the minor child of the defendant and the victim was present. The trial court did not err in permitting the evidence to be introduced in order to demonstrate defendant's intent and bent of mind.

2. Defendant contends the evidence failed to demonstrate that the victim suffered "serious bodily injury" as alleged in the indictment. We disagree. The victim testified that she could hardly walk and had to crawl around the house after she was beaten by defendant. She also testified that she was unable to work for "quite a while." Additionally, the victim testified that she was so severely bruised that she could not endure chiropractic treatment (which she was undergoing for a previous injury). We think these facts demonstrate that the victim suffered "serious bodily injury" within the meaning of that term. *Watkins v. State,* 254 Ga. 267, 268 (2) (328 SE2d 537).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 23, 1986.

*Terry A. Carr,* for appellant.
*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney,* for appellee.