A89A0293. LaPANN v. THE STATE.
(382 SE2d 200)

BIRDSONG, Judge.

Frank LaPann was convicted at a bench trial of aggravated as-

sault and cruelty to a child. The trial court treated the cruelty as having merged with the aggravated assault and imposed sentence for the assault as confinement for three years but suspended upon payment of a $700 fine. LaPann brings this appeal on the general ground of insufficiency of the evidence. *Held*:

The evidence shows that the victim of the aggravated assault and cruelty counts, LaPann's 17-year-old adopted daughter, together with her sister, worked at a fast food restaurant. The victim and her older sister, aged 18, told their parents they were going to their place of work, and would be working late. The parents decided to go and eat supper with their children only to discover that the two girls did not report for work. (Actually the victim did work a later shift but was not at the restaurant when the parents arrived. The older sister did not report for work at all.) The parents spent several hours unsuccessfully looking for the two girls. Both parents sat up most of the night waiting for the girls to return home. They eventually returned home at about 5:00 a.m. The parents were very upset and concerned about the whereabouts and safety of their daughters. The two young women sat down and attempted to convince their parents they had been at work. After about 30 minutes of heated discussion, the appellant reached over and removed a piece of firewood from a kindling box approximately 16 inches long, three-quarters of an inch wide, and one and one-half inches thick. While the victim was still seated, he struck her once or twice on the leg, once around the shoulder and when he sought to strike her again on the back or shoulder, she threw up her arm in defense. The blow apparently glanced off her arm, and she was struck on the top, back, part of her head. A gash resulted that was approximately three-sixteenths to one-half inch deep and about one and one-half inches long and required ten sutures to close. The evidence further indicated that each time the young woman was struck, a bruise resulted. The victim testified that her father drew back for each blow and delivered it with force. Appellant weighs about 235 pounds. Appellant denied intending to do more than impose disciplinary punishment. The daughter testified that she considered the beating as nothing more than justifiable punishment and characterized her head wound as her fault and only an accident.

A person commits aggravated assault when he assaults with any object, device, or instrument which, when used offensively against another, is likely to or actually does result in serious bodily injury. *Miller v. State*, 174 Ga. App. 703 (331 SE2d 616). What constitutes a dangerous weapon capable of doing serious damage to the victim of an assault depends not necessarily on the nature of the object itself but on its capacity and the manner of its use, to inflict great bodily harm. See *Gabler v. State*, 177 Ga. App. 3 (338 SE2d 469). Moreover, applied force is legally justified only when a parent's conduct in disci-

plining a minor is reasonable. See *Ellis v. State*, 137 Ga. App. 834, 838 (5) (224 SE2d 799).

Whether the injuries sustained and the implement used to inflict those injuries amounted to an aggravated assault and whether the force as applied was an act of reasonable exercise of discipline are questions particularly within the province of the trier of fact. *Watts v. State*, 239 Ga. 725, 727 (238 SE2d 894). After the trier of fact has rendered a judgment of guilty and appellant seeks to overturn that judgment on the general grounds, the only question presented to an appellate court is whether there is evidence sufficient to convince a rational trier of fact beyond reasonable doubt of guilt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Viewing the evidence in a light most favorable to the judgment of guilt which was rendered (see *Ridley v. State*, 236 Ga. 147 (223 SE2d 131)), we are satisfied that the judgment of the trial court had ample support and should be affirmed. See *Jones v. State*, 141 Ga. App. 17, 18 (232 SE2d 365).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 9, 1989.

*Hollingsworth & Richardson, W. Gene Richardson*, for appellant.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.