A98A1492. WISE v. THE STATE.
(506 SE2d 156)

MCMURRAY, Presiding Judge.

Defendant was charged via Uniform Traffic Citation ("UTC") with speeding, in violation of OCGA § 40-6-181, by driving "96 MPH in a 55 zone." The trial court conducted a bench trial and found defendant guilty of speeding by driving 88 mph in a 55 mph zone. The only evidence supporting this conviction is the arresting officer's opinion testimony that defendant "was going at least 90, high 80's, low 90's." Defendant filed this appeal after entry of his judgment of conviction and sentence. *Held*:

Citing *State v. Rustin*, 208 Ga. App. 431 (430 SE2d 765), defendant's sole enumeration of error provides as follows: "The trial court erred by holding that the UTC accused [him] of a general speeding charge and did not accuse [him] of Speeding at 96 mph in a 55 mph zone."

In *Rustin*, the accused was charged with alcohol influenced driving in violation of OCGA § 40-6-391 (a) (1). The State later employed an accusation to additionally charge the accused with driving with an unlawful alcohol concentration in violation of OCGA § 40-6-391

(a) (4). After the trial court granted the accused's plea in bar based on OCGA § 17-3-1 (d)'s two-year statute of limitation, this Court pertinently held that OCGA § 17-7-71 (f) did not authorize the accusation's expansion of the UTC's original impaired driver charge to include the separate driving with an unlawful alcohol concentration charge. This holding does not control in the case sub judice because, unlike the separate impaired driving charge in *Rustin*, defendant in the case sub judice was charged for speeding under OCGA § 40-6-181 and this Code section provides only one manner in which this offense can be committed, i.e., exceeding the designated speed limit. See OCGA § 40-6-181 (b). Accordingly, the trial court did not err in its holding in the case sub judice.

Defendant also contends the State's failure to prove he was driving "96 MPH in a 55 zone" amounts to a fatal variance between the allegata and probata. This contention is an unauthorized expansion of defendant's sole enumeration of error. We therefore have no jurisdiction to consider it. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 13, 1998 —
RECONSIDERATION DENIED AUGUST 28, 1998.

*Gregory A. Willis*, for appellant.
*June D. Green, Solicitor, Wanda L. Dallas, Assistant Solicitor*, for appellee.