A02A0670. RIVERS v. THE STATE.
(565 SE2d 596)

MILLER, Judge.

Darius Rivers appeals from his convictions on two counts of aggravated battery, based on evidence that he repeatedly struck his ex-girlfriend in the face, dislodging a large portion of one of her teeth. He contends on appeal that the evidence at trial was insufficient to sustain the convictions, arguing that the evidence does not support a finding that he deprived his ex-girlfriend of a "member" of her body or rendered a "member" of her body useless. In this case of first impression in Georgia, the primary issue that we must decide is

whether a tooth constitutes a "member" for purposes of aggravated battery. We find that a tooth does indeed constitute a "member" for purposes of aggravated battery and affirm the convictions.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that Rivers repeatedly hit his ex-girlfriend in the face, causing a large portion of one of her teeth to become dislodged from her mouth. For at least three days after the attack, the victim was unable to eat or drink on the side of her mouth where the tooth was damaged, and she has since had ongoing problems with the damaged side of her mouth.

The indictment charged Rivers with two counts of aggravated battery, one for hitting the victim and "depriving [her] of a member of her body, to wit: a lower back tooth," and one for hitting the victim and "rendering useless a member of [her] body, to wit: a lower back tooth. . . ." Rivers was found guilty on both counts, and he now appeals. In his sole enumeration of error, Rivers contends that the evidence was insufficient to sustain the convictions. Under OCGA § 16-5-24 (a), a person is guilty of aggravated battery "when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."

We hold, consistent with the holdings of several jurisdictions that have addressed this precise issue, that the evidence is sufficient to sustain a conviction for aggravated battery when the bodily member that is lost or rendered useless in the battery is a tooth. See *State v. Bridgeforth*, 357 NW2d 393, 394 (2) (Minn. App. 1984) (interpreting statute similar to Georgia's aggravated battery statute, court held that "the loss of a tooth is a permanent loss of the function of a bodily member"); *McBeath v. State*, 739 S2d 451, 455 (Miss. App. 1999) (tooth was a "member" and loss of tooth constituted "serious bodily injury," where such term was defined as " 'bodily injury which creates substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ' "); *State v. Bogenreif*, 465 NW2d 777, 781 (S.D. 1991) (evidence of loss of permanent teeth, coupled with cut lip and scarring, constituted " 'serious bodily injury,' " defined as " 'such injury as is grave and not trivial, and gives rise to apprehen-

sion of danger to life, health or limb' "); *Lenzy v. State*, 689 SW2d 305, 310 (Tex. App. 1985) (tooth is member of body); cf. *Jenkins v. State*, 59 Md. App. 612, 617 (477 A2d 791) (1984) ("[C]ommon law mayhem consisted of depriving the victim of the 'fighting members' of his body — his arms, legs, eyes, fingers, hands, or teeth — thus rendering him less able to defend himself."), rev'd in part on other grounds, 307 Md. 501 (515 A2d 465) (1986). Indeed, "[s]everal courts have considered the issue and have held that loss of a tooth is a serious bodily injury. [Cits.]" *McBeath*, supra, 739 S2d at 455.

Further, this court has already held that fingers and ears are "members" for purposes of aggravated battery. See *Ganas v. State*, 245 Ga. App. 645, 647 (1) (c) (537 SE2d 758) (2000); *Drayton v. State*, 167 Ga. App. 477 (1) (306 SE2d 731) (1983). Since teeth, like fingers and ears, are separate, definable parts that may be separated from the body, we hold that they are "members" for purposes of aggravated battery. See *Lenzy*, supra, 689 SW2d at 310 (interpreting statute with similar language to Georgia's aggravated battery statute, court held that "[c]ommon usage as well as the [Black's Law Dictionary definition] leads us to hold that teeth are separate, definable parts of the body sufficient to bring them [within] the statutory term 'bodily member or organ' ").

The evidence revealed that Rivers repeatedly hit the victim in the face, causing a large portion of one of her teeth to come out and resulting in the victim's inability to use the side of her mouth where the tooth was damaged for several days. The evidence supports a finding that Rivers had every intention of causing the victim great bodily harm by hitting her with such force. "Depriving" the victim of a member of her body "may refer to the loss of the use of the member." (Footnote omitted.) *Ganas*, supra, 245 Ga. App. at 647 (1) (c). "Rendering [a] member useless," even temporarily, may be sufficient for such member to be considered rendered useless under the aggravated battery statute. Id. at 647 (1) (b). The evidence reveals that the victim was deprived of the use of her tooth and that the tooth was rendered useless, and the evidence was therefore sufficient to sustain the convictions. See *Childers v. State*, 228 Ga. App. 214, 215-216 (3) (491 SE2d 456) (1997).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 17, 2002.

*Charles W. Wrinkle*, for appellant.

*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.