### A02A2118. JONES v. THE STATE.
(574 SE2d 398)

MILLER, Judge.

Following a bench trial, Robert Jones was convicted of speeding. He appeals, arguing that the evidence showed he was going only 95 mph, not 100 mph as alleged in the uniform traffic citation. He claims a fatal variance between the allegations and the proof. We affirm, holding that the UTC set forth only a general allegation of speeding, which was supported by the evidence.

The undisputed evidence showed that an officer observed Jones driving a vehicle in a 65-mph zone and visually estimated his speed to be over 95 mph. Using his radar gun, the officer clocked Jones at 100 mph and then pulled him over. Jones admitted to the officer that he was speeding and that he did not doubt the officer's comment that Jones was going 100 mph. The officer wrote him a UTC that accused him of speeding and that noted (1) the radar gun had clocked him at 100 mph in a 65-mph zone and (2) the officer had visually estimated his speed to be over 95 mph.

Since no foundation for the radar gun evidence was laid, the court ignored that evidence at the bench trial and found, based on the officer's testimony regarding the visual estimate (see *Jackson v. State*, 257 Ga. App. 715, 717 (5) (572 SE2d 60) (2002) (officer's visual estimate is sufficient)), that Jones was going 95 mph in a 65-mph zone and was therefore guilty of speeding under OCGA § 40-6-181. The court noted that the radar gun speed mentioned in the UTC did not have to be proven; rather, the State needed only to show a speed in excess of the posted limit. Jones appeals that conviction, claiming that the State was required to prove he was going 100 mph since that radar gun speed was set forth in the UTC.

Jones's argument fails for three independent reasons. First, the UTC references to Jones's speed were not allegations but were notices of evidence. The UTC charged that on December 27, 2001, Jones "did commit the following offense: SPEEDING — Clocked by . . . RADAR . . . at 100 MPH in a 65 zone." It later reiterated that the offense was "Speeding in Violation of Code Section 40[-]06[-]181 of State law" and then noted that the officer visually estimated that

the vehicle was going over 95 mph. Clearly, the UTC accused Jones of the offense of speeding and then went on to inform Jones of some of the specific evidence against him. The precise speeds at which the radar gun and the officer's visual observations estimated his speed were not allegations of the citation, but simply notifications to Jones of potential evidence. Cf. OCGA § 40-6-187.

*Wise v. State*, 234 Ga. App. 140 (506 SE2d 156) (1998), confirms this analysis. *Wise* upheld the trial court's ruling that "the UTC accused [the defendant] of a general speeding charge and did not accuse him of Speeding at 96 mph in a 55 mph zone," *even though* the UTC charged defendant "with speeding, in violation of OCGA § 40-6-181, by driving '96 MPH in a 55 zone.' " (Punctuation omitted.) Id. at 140-141. We explained that the "defendant in the case sub judice was charged for speeding under OCGA § 40-6-181 and this Code section provides only one manner in which this offense can be committed, i.e., exceeding the designated speed limit. [Cit.]" Id. Similarly, we hold that the trial court here did not err in holding (1) that the UTC at issue simply accused Jones of a general speeding charge and (2) that the two references to the speeds were not allegations but were references to the evidence against him.

Second, even if the references to speed were allegations, the UTC specifically set forth the officer's visual estimate of over 95 mph, and thus Jones cannot complain that the evidence varied from that allegation.

Third, even if the radar gun 100-mph allegation were the only allegation of speed, it would not have been a material allegation, and thus no fatal variance would have occurred. Only material averments must be proved as alleged so as to avoid a fatal variance. See *McBride v. State*, 202 Ga. App. 556, 557 (415 SE2d 13) (1992). For example, to be guilty of trafficking in cocaine, one need only possess 28 grams or more of cocaine. OCGA § 16-13-31 (a) (1); see *Partridge v. State*, 187 Ga. App. 325, 327 (3) (370 SE2d 173) (1988). Larger amounts by specified increments affect only the punishment and are therefore not material allegations to prove the crime of trafficking. *Partridge*, supra, 187 Ga. App. at 327 (3). Thus, where the indictment alleged 400 grams of cocaine, and the evidence showed only 319 grams, no fatal variance occurred. Id. at 326-327 (3).

Similarly, to be guilty of speeding, one need only exceed the designated speed limit. OCGA § 40-6-181 (b); see *Wise*, supra, 234 Ga. App. at 141. Greater speeds by specified increment affect only the punishment and are therefore not material allegations to prove the crime of speeding. See OCGA § 40-6-1 (b). Thus, where the accusation alleges 100 mph and the evidence shows only 95 mph, no fatal variance has occurred.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

Decided November 12, 2002.

*Jackie G. Patterson*, for appellant.
*Keith C. Martin*, Solicitor-General, *Evelyn P. Sandefur*, Assistant Solicitor-General, for appellee.