## A05A0821. MILLER v. THE STATE.
### (615 SE2d 843)

BLACKBURN, Presiding Judge.

Following a jury trial, Steven Tyler Miller appeals his convictions for aggravated assault, terroristic threats, battery, and obstructing a person making an emergency phone call. Miller contends that: (1) the evidence was insufficient to support the verdict; and the trial court erred by (2) admitting certain testimony from an absent witness in violation of hearsay rules and his Sixth Amendment rights; and (3) improperly qualifying a separate witness as an expert. Because Miller's convictions for terroristic threats and obstructing a person making an emergency phone call were based on hearsay statements from an unavailable witness whom Miller never had a previous opportunity to cross-examine, we must reverse these convictions. See *Crawford v. Washington.*[1] As Miller admitted to hitting and grabbing his victim around the throat, however, his convictions for aggravated assault and battery must stand.

1. Miller contends that the evidence was insufficient to support the verdict.

On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Miller] no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the

---

[1] *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Warren v. State.*[2]

Viewed in this light, the record shows that, on the evening of December 2, 2002, Deputy Kevin Glisson was dispatched to a domestic disturbance at the home of Rain Van Moll, Miller's wife. When Glisson arrived, Van Moll was extremely upset, and she had bruises around her right eye, near her cheekbone, and on her neck. Although Van Moll was living in another state and unavailable to testify at trial, Deputy Glisson testified that Van Moll told him that she had been drinking all day with Miller and that they got into an argument. When the argument escalated, Van Moll tried to leave the house, but, before she could get into her car, Miller pushed her to the ground, hit her, choked her, and threatened to kill her. Van Moll further told Deputy Glisson that when she tried to call 911 for help, Miller yanked the cord from the phone jack and beat and choked her again. Numerous photographs were admitted at trial which showed the extent of Van Moll's injuries, broken items throughout her home, and the phone cord ripped from the wall.

In the middle of the trial, Van Moll called Miller's defense attorney during a break in the proceedings in order to inquire about the trial. The phone call was wholly unexpected, and the defense attorney did not know how Van Moll received his phone number. Miller's defense attorney then presented evidence to the jury that, during this phone call, Van Moll reiterated her statement that Miller hit her on the night in question. This evidence was cumulative of Deputy Glisson's testimony regarding Van Moll's statements about the aggravated assault and battery counts.

Miller chose to testify at trial. During his testimony, he admitted that he grabbed Van Moll by the throat and that he may have hit her, causing the bruises shown on her face in the pictures presented to the jury. Miller contended, however, that Van Moll had been the aggressor and that he was merely acting in self-defense. Miller further testified that he was so inebriated on the evening in question that he could not remember everything that happened.

This evidence was sufficient to support Miller's convictions for

---

[2] *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004).

aggravated assault and battery. See *Jackson v. Virginia.*[3] And, Miller's testimony that he was innocent does not change this result, as the jury, the sole arbiter of fact, was entitled to disbelieve him. See, e.g., *Warren,* supra. However, as discussed in the following division, absent the improperly admitted hearsay testimony of Van Moll, the evidence was insufficient to support Miller's convictions for terroristic threats and obstructing a person making an emergency phone call.

2. Miller contends that the trial court erred by admitting Van Moll's statements to Deputy Glisson, arguing that the State failed to show that such statements were admissible under the necessity exception to the hearsay rule, thereby giving rise to a violation of his Sixth Amendment right to confront Van Moll on the witness stand. Miller further contends that, had Van Moll's statements been excluded, the remaining evidence would have been insufficient to support the evidence against him.

Pursuant to *Crawford,* supra, Van Moll's statements to Deputy Glisson should not have been admitted into evidence. That case held that the Sixth Amendment "demands . . . unavailability and a prior opportunity for cross-examination" before testimonial hearsay can be admitted against a criminal defendant. Id. at 68. Furthermore, "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 68-69. As a result, the admission of an unavailable witness's testimonial statement against a criminal defendant who had no opportunity to cross-examine the declarant "is sufficient to make out a violation of the Sixth Amendment." Id. at 68.

Here, it is undisputed that Miller had no opportunity to cross-examine Van Moll; therefore, he has established a Sixth Amendment violation. The question then becomes whether this error is harmless such that " 'the State can prove beyond a reasonable doubt that the error did not contribute to the verdict.' " *Rowe v. State.*[4]

With regard to Miller's convictions for aggravated assault and battery, the State has shouldered this burden. Even in the absence of Van Moll's hearsay statements, the evidence in this case of these crimes was overwhelming. Pictures of the bruises on Van Moll's neck and face were presented to the jury, and Miller admitted that he grabbed Van Moll around the neck and that he may have hit her in the face. In addition, Miller's attorney, himself, presented separate cumulative testimony from Van Moll that Miller hit her to the jury. In light of this overwhelming competent evidence, including separate

---

[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Rowe v. State,* 276 Ga. 800, 804 (2) (582 SE2d 119) (2003).

evidence of Van Moll's statements tendered by Miller's defense attorney, the admission of Van Moll's statements, even if erroneous, amounted to harmless error under the facts of this case. See, e.g., *Heard v. State.*[5] And, although Miller contends that he beat his wife in self-defense, the jury was authorized to disbelieve him based on the extent of Van Moll's injuries shown in the photographs taken at the scene.

With regard to Miller's convictions for terroristic threats and obstructing a person making an emergency phone call, however, Van Moll's hearsay testimony was the only real evidence of Miller's guilt, and he did not confess to these acts as he did the others. As the only compelling evidence of Miller's terroristic threats and obstruction of a person making an emergency phone call rests on the admission of hearsay evidence in violation of the Sixth Amendment, "we cannot say the State proved beyond a reasonable doubt that the admission of the hearsay in violation of the U. S. Constitution did not contribute to the jury's verdict [as to these crimes]." *Brawner v. State.*[6]

3. Miller contends that the trial court erred by certifying Nancy Grigsby, the executive director of the Georgia Coalition Against Domestic Violence, as an expert capable of "assessing victims of domestic violence." "The decision whether to qualify a witness as an expert lies within the sound discretion of the trial judge." *McDaniel v. State.*[7] In this case, the record shows that Grigsby had over 20 years of experience in the field of domestic violence and an educational background in psychology. Based on this evidence of Grigsby's qualifications, we cannot say that the trial court abused its discretion by certifying Grigsby as an expert.

*Judgment affirmed in part and reversed in part. Miller and Bernes, JJ., concur.*

DECIDED JUNE 20, 2005.

*Joe W. Hendricks, Jr., Mathew A. Baker*, for appellant.
*Garry T. Moss, District Attorney, Harlan H. F. Wood, Assistant District Attorney*, for appellee.

---

[5] *Heard v. State*, 274 Ga. 196, 199-200 (6) (552 SE2d 818) (2001).
[6] *Brawner v. State*, 278 Ga. 316, 320 (602 SE2d 612) (2004). *Brawner* based its opinion on *Crawford*, supra.
[7] *McDaniel v. State*, 263 Ga. App. 625, 629 (2) (588 SE2d 812) (2003).