## A06A0739. NYE v. THE STATE.
### (631 SE2d 386)

BARNES, Judge.

Jerry Nye appeals his conviction for speeding, contending that the trial court erred in failing to dismiss the accusation against him because it charged an incorrect Code section, and erred by limiting the jury to finding only whether he exceeded the speed limit instead of allowing it to determine how fast he was going. For the reasons that follow, we affirm.

The arresting officer testified that he saw Nye driving a Mitsubishi Eclipse that was approaching a tractor-trailer on I-575 at a high rate of speed. The posted speed limit was 70 mph, but the radar gun clocked Nye at 127 mph. The officer followed Nye as he exited the highway, turned into a driveway, parked the car, and headed toward the house. When the officer asked Nye if he knew how fast he was going, Nye responded that he knew he was going at least 100 mph. The officer issued a uniform traffic citation charging him with violating OCGA § 40-6-181, noting on the ticket that Nye said he knew he was traveling faster than 100 mph. The officer also cited Nye for an improper lane change. The State drew up a two-count accusation against Nye, accusing him of speeding and of changing lanes improperly. The jury convicted him of speeding but acquitted him of the lane change violation.

1. Nye contends that the trial court should have dismissed the speeding charge against him, because the accusation accused him of

violating OCGA § 40-6-182, which simply provides that the commissioner of public safety or the commissioner of transportation can determine the maximum safe speed for state highways, instead of OCGA § 40-6-181, which prohibits speeding. Because a violation of OCGA § 40-6-182 is not a crime, Nye argues, the accusation fails to accuse him of a crime and is void.

We first note that neither of the two trial transcript copies included in the record on appeal contains Nye's initial motion to dismiss, the parties' arguments, nor the trial court's ruling. Instead, the transcription begins with the testimony of the State's first witness, after the ruling of which Nye complains. It is the appellant's responsibility to ensure that the appellate record contains the information necessary to decide the issue. "Otherwise, he may not meet his burden of showing error from the record." *Rohatensky v. Woodall*, 257 Ga. App. 801, 802 (1) (572 SE2d 354) (2002). In the absence of a transcript, we generally presume that the trial court acted properly.

Both the State and Nye, however, agree on the details of Nye's motion and the trial court's ruling, and thus we will consider the issue. Count 1 of the accusation stated that Nye

> on or about May 30, 2005, did unlawfully then and there commit the offense of speeding by operating a motor vehicle on a public roadway known as I-575 at a speed in excess of the posted speed limit of 70 miles per hour, in violation of OCGA § 40-6-182 contrary to the laws of this State, the good order, peace and dignity thereof.

Nye moved for an acquittal on Count 1 of the accusation after the jury was sworn but before the State introduced evidence, arguing that OCGA § 40-6-182 was not a criminal statute. The State admitted that the accusation contained a clerical error charging Nye with a violation of OCGA § 40-6-182 instead of OCGA § 40-6-181, and offered to proceed under the uniform traffic citation, but Nye objected. The State also noted that Nye's motion was in the nature of an untimely demurrer, and the trial court denied the motion. After the State presented its evidence, Nye moved for a directed verdict of acquittal, arguing that the State failed to prove that he had violated OCGA § 40-6-182. The trial court denied the motion, noting that it had already ruled on the issue earlier.

A general demurrer, in which a defendant contends that the charging instrument fails altogether to charge him with a crime, may be raised at any time. In determining whether the instrument is valid, "[i]t is the description of the crime, rather than the description and number of the section under which it appears in the Code which furnishes the criterion for determining whether the [charging instru-

ment] is good." (Citation and punctuation omitted.) *Rank v. State*, 179 Ga. App. 28 (1) (345 SE2d 75) (1986). A special demurrer, on the other hand, objects to the form of the charging instrument or seeks more information and must be raised before pleading to the charging instrument or it is waived. *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977).

In this case the accusation specified that Nye was charged with exceeding the speed limit on a certain road on a certain day, which is a sufficient description to put him on notice of the crime for which he was to be tried. Nye's objection to the improper code citation in the indictment was a special demurrer, and his failure to challenge the accusation before entering his plea constitutes a waiver of his right to be tried on a perfect accusation. *Stinson v. State*, 279 Ga. 177, 180 (2) (611 SE2d 52) (2005). The trial court did not err in denying Nye's motion to dismiss.

2. Nye claims that the trial court erred by limiting the jury to finding only whether he exceeded the speed limit or not, and by making its own determination of how fast he was going for punishment purposes. We find no merit in this enumeration. Nye was charged with speeding, and there is "only one manner in which this offense can be committed, i.e., exceeding the designated speed limit." *Wise v. State*, 234 Ga. App. 140, 141 (506 SE2d 156) (1998) (no error in trial court's holding that uniform traffic citation accused defendant of general speeding charge and not of traveling at a particular speed). The allegation that Nye was traveling 127 mph was not a material averment that had to be proven. "[T]o be guilty of speeding, one need only exceed the designated speed limit. OCGA § 40-6-181 (b); see *Wise*, supra, 234 Ga. App. at 141. Greater speeds by specified increment affect only the punishment and are therefore not material allegations to prove the crime of speeding. See OCGA § 40-6-1 (b)." *Jones v. State*, 258 Ga. App. 337, 338 (574 SE2d 398) (2002). Thus the trial court did not err in limiting the jury to finding only whether Nye exceeded the speed limit or not.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED APRIL 19, 2006 —
RECONSIDERATION DENIED MAY 12, 2006.

*Carson & Ruskell, G. Channing Ruskell*, for appellant.
*David L. Cannon, Jr., Solicitor-General, Barry W. Hixson, Assistant Solicitor-General*, for appellee.