A07A1886. PORTER v. THE STATE.
(658 SE2d 893)

RUFFIN, Judge.

A Clayton County jury found Paul Leroy Porter guilty of speeding, and he was sentenced to 12 months incarceration.[1] Porter appeals his conviction, arguing that the trial court erred in denying his motion for a directed verdict and that the trial court improperly charged the jury. For reasons that follow, we affirm.

1. We review a criminal conviction in a light most favorable to the verdict, and we will uphold the conviction "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] We do not weigh the evidence or evaluate witness credibility.[3] And "[t]he standard for reviewing the denial of a motion for a directed verdict of acquittal is the same as that used for reviewing the sufficiency of the evidence supporting a criminal

---

[1] The jury found Porter not guilty of kidnapping, aggravated assault on a peace officer, and obstructing or hindering law enforcement officers.
[2] (Punctuation omitted.) *Forde v. State*, 277 Ga. App. 410, 410-411 (626 SE2d 606) (2006).
[3] See id. at 410.

conviction."[4] Here, the record shows that Officer Massarelli of the Clayton County Police Department saw Porter driving on Interstate 675 on the evening of June 17, 2005. Officer Massarelli visually estimated Porter's speed to be 83 miles per hour. The speed limit on that portion of Interstate 675 is 65 miles per hour. Porter was charged by indictment with "speeding 16-20 over."

Porter alleges that there was a fatal variance between the indictment and the evidence presented at trial. Porter argues that, on cross-examination, Officer Massarelli testified that he gave a statement in which he estimated Porter's speed as "80, 83, somewhere in that area" and that a police report by another officer indicated that Porter's speed was 80 miles per hour.[5] Porter contends he was entitled to a directed verdict because "the State's evidence only showed that [Porter] was driving 80 miles per hour in a 65 miles per hour zone [and] [t]hus, the State failed to prove that [Porter] was driving 16-20 miles per hour over the posted speed limit as charged in the [i]ndictment."

Porter's argument is unavailing. We have held that actual speed is not a material averment of an indictment that need be proven at trial.[6] The specific speed affects only the punishment, which is not an issue for the jury.[7] And even if it were, Porter has, at best, established that there was a question of fact as to whether Officer Massarelli thought Porter's speed was 80 or 83 miles per hour.[8] All factual disputes are resolved by the jury, which is charged with weighing the evidence and evaluating conflicts in witness testimony.[9] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make . . . the State's case, the jury's verdict will be upheld."[10] Here, the jury apparently resolved the conflicting testimony adversely to Porter, as it was entitled to do.[11] We therefore affirm the trial court's denial of Porter's motion for a directed verdict.[12]

---

[4] *Jones v. State*, 285 Ga. App. 121 (1) (645 SE2d 608) (2007).

[5] The police report was not admitted into evidence. We note that the narrative portions of a police report are hearsay and not generally admissible. See *Brown v. State*, 274 Ga. 31, 33-34 (1) (549 SE2d 107) (2001).

[6] See *Nye v. State*, 279 Ga. App. 347, 349 (2) (631 SE2d 386) (2006); *Jones v. State*, 258 Ga. App. 337, 338 (574 SE2d 398) (2002).

[7] See *Nye*, supra; *Jones*, supra, 258 Ga. App. at 338.

[8] "An officer's estimate of speed is sufficient to support a conviction on a speeding violation." *Stone v. State*, 257 Ga. App. 492, 493 (1) (571 SE2d 488) (2002).

[9] See *Houston v. State*, 242 Ga. App. 300, 303 (3) (b) (529 SE2d 431) (2000); *Marshall v. State*, 233 Ga. App. 573, 574 (1) (504 SE2d 764) (1998).

[10] (Punctuation omitted.) *Marshall*, supra.

[11] On the verdict form, the jury found Porter guilty of "[s]peeding 16-20 [o]ver."

[12] See *McLester v. State*, 249 Ga. App. 71, 75 (3) (a) (547 SE2d 709) (2001).

2. In a related enumeration, Porter contends that the trial court erred in its charge to the jury on speeding. As discussed in Division 1, he argues that speed was a material averment of the indictment that had to be proven beyond a reasonable doubt. Accordingly, Porter objects to the following portion of the jury charge: "[a]s to the charge of speeding, you only need to find whether the defendant exceeded the posted speed limit; you do not need to determine the defendant's actual speed." Because precise speed is not a material averment of an indictment for speeding and "there is only one manner in which this offense can be committed, i.e., exceeding the designated speed limit," the trial court did not err in its instruction to the jury.[13]

Porter also objects to the portion of the jury charge stating that "no vehicle shall be driven in excess of 65 miles per hour on a highway on the federal interstate system that is inside an urbanized area of 50,000 population or more" because, he contends, there was no evidence presented at trial of the population of the area. But, as Officer Massarelli testified that the posted speed limit was 65 miles per hour, and because the charge given tracked the language of the applicable Code section and was the pattern jury instruction on speeding, we find that the language to which Porter objects was mere surplusage that did not mislead the jurors.[14] Accordingly, we find no basis for reversal.[15]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 7, 2008.

*Mack & Harris, Robert L. Mack, Jr.,* for appellant.
*Jewel C. Scott, District Attorney, Dawn Belisle-Skinner, Assistant District Attorney,* for appellee.

---

[13] (Punctuation omitted.) *Nye, supra* at 349 (2).
[14] See OCGA § 40-6-181 (b) (3); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 2.86.70; *Rylee v. State,* 288 Ga. App. 784, 786 (2) (a) (655 SE2d 239) (2007).
[15] See id.; *Massa v. State,* 287 Ga. App. 494, 496 (3) (651 SE2d 806) (2007).