A08A0868. REYNOLDS v. THE STATE.

(668 SE2d 846)

BERNES, Judge.

The jury convicted Mitchell Reynolds of aggravated assault based on evidence that he struck his girlfriend upon her face and

back with a wooden plank.[1] The trial court subsequently denied his amended motion for new trial. Reynolds appeals, contending that the trial court should have directed a verdict of acquittal because the state allegedly failed to prove that the victim suffered serious bodily injury, a material averment of the indictment. He further contends that his conviction should be reversed because the trial court allegedly did not instruct the jury properly on the definition of serious bodily injury. For the reasons discussed below, we affirm.

1. "[T]he standard for reviewing the denial of a motion for a directed verdict of acquittal is the same as that used for reviewing the sufficiency of the evidence supporting a criminal conviction." (Punctuation and footnote omitted.) *Porter v. State*, 290 Ga. App. 113, 113-114 (1) (658 SE2d 893) (2008). We review the evidence in the light most favorable to the jury's verdict, and we will affirm the criminal conviction "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Punctuation and footnote omitted.) Id. at 113 (1). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In conducting our review, we are mindful that it is the role of the jury, not this Court, to weigh the evidence and assess witness credibility. *Porter*, 290 Ga. App. at 113 (1).

Viewed in this manner, the evidence adduced at trial shows that Reynolds and the victim were involved in an intimate relationship "off and on" for five years. During the course of their relationship, Reynolds physically struck and choked the victim on repeated occasions. One of those prior occasions resulted in Reynolds pleading guilty to battery after he slapped the victim, choked her, and pushed her into the kitchen door, causing her eye to bleed.

The incident at issue in this case occurred in the early morning hours of January 31, 2004. Reynolds and the victim returned to Reynolds' home in separate vehicles following a physical altercation outside a local bar. Before the victim got out of her car, Reynolds charged toward her and punched her repeatedly in the face as she sat in the driver's seat. The victim broke free and proceeded into Reynolds' home to get her belongings. Once inside the home, Reynolds approached the victim, began hitting her, caused her to fall to the floor, and started choking her until she "felt like [she] was going to pass out." The victim managed to get away from Reynolds, and Reynolds subsequently ran out of the home.

The victim continued to gather her belongings from the home and made several trips outside to load her vehicle. On her third trip

---

[1] The jury also convicted Reynolds of battery based on evidence that he struck his girlfriend upon her face with his fist, but he does not challenge that conviction.

to her vehicle, Reynolds approached the victim and struck her on the head with a two-foot-long wooden plank. The victim "saw stars" and fell to the ground. Reynolds then stood over the victim and struck her on the head and back with the plank. After striking the victim, Reynolds told her to go back into the house, that she "wasn't going anywhere," and that "somebody [is] going to die, somebody [is] going to get hurt really bad." The victim then tried to run to her car to get away, but Reynolds caught her and began dragging her across the front yard. Eventually, the victim escaped from Reynolds and ran to a nearby store, where the police later found her.

Reynolds was arrested and indicted on one count of aggravated assault. The indictment averred that Reynolds committed aggravated assault in that he

> did unlawfully make an assault upon the person of [the victim], with a wooden plank, an instrument which when used offensively against a person is [sic] *actually does* result in serious bodily injury, by striking said [victim] about the face and body with said wooden plank, contrary to the laws of said State, the good order, peace and dignity thereof.

(Emphasis supplied.)

A jury trial ensued. Among other things, the responding officer testified that he had observed visible injuries on the victim's face. The state also introduced photographs of bruising on the victim's face and back. In addition to testifying to the events as set out above, the victim testified that she had sustained bruises on her face and back and was sore as a result of being struck by the wooden plank. Finally, the state introduced similar transaction evidence of a prior battery committed by Reynolds against his pregnant wife, to whom he remained married at the time of the incident at issue in this case. After hearing all the evidence, the jury convicted Reynolds of the charged offense.

(a) As an initial matter, we note that based on the language of the indictment, the state was required to prove beyond a reasonable doubt that the victim sustained serious bodily injury in order to convict Reynolds of aggravated assault. While OCGA § 16-5-21 (a) (2) sets forth several statutory methods for proving aggravated assault,[2] the state, having chosen only one, was required to prove

---

[2] Under OCGA § 16-5-21 (a) (2), the accused can be found guilty of aggravated assault if he or she commits an assault "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to *or* actually does result in serious bodily injury." (Emphasis supplied.) Given this statutory language, the state can craft an indictment such that "evidence of an actual bodily injury is not required to sustain a conviction

that specific method. See *Selfe v. State*, 290 Ga. App. 857, 860 (1) (660 SE2d 727) (2008). See also *Roberson v. State*, 180 Ga. App. 406, 407 (2) (349 SE2d 39) (1986) (analyzing whether there was sufficient evidence that the victim actually suffered serious bodily injury, as specifically averred in the indictment). The state never contested this point, and the trial court properly instructed the jury on what the state was required to prove in light of the language of the indictment. The question on appeal, therefore, is whether there was sufficient evidence that the victim sustained serious bodily injury as a result of Reynolds striking her on the face and body with the wooden plank.

(b) In resolving this question, we must first address Reynolds' argument concerning the definition of serious bodily injury. The Georgia Code does not define that phrase in the aggravated assault statute, OCGA § 16-5-21. However, relying upon *Rivers v. State*, 255 Ga. App. 422, 423 (565 SE2d 596) (2002), Reynolds contends that this Court has defined a serious bodily injury as one where the victim sustained a "bodily injury which creates substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." (Citation and punctuation omitted.) Id. We are unpersuaded. *Rivers* addressed whether a tooth is a "member" of the body for purposes of aggravated battery; it did not discuss aggravated assault or analyze the issue of what constitutes a serious bodily injury under Georgia law. Moreover, the language relied upon by Reynolds is from a foreign case included within a string citation addressing how other jurisdictions have resolved whether a dislodged tooth can support an aggravated battery conviction.

Contrary to Reynolds' assertion, we have not defined serious bodily injury in our aggravated assault cases, given that the circumstances surrounding each aggravated assault differ on a case-by-case basis and require a consideration of degree. Rather, we have taken a more flexible approach, holding that whether the injury sustained by a victim is sufficient to support an aggravated assault conviction is a "question[ ] particularly within the province of the trier of fact." *LaPann v. State*, 191 Ga. App. 499, 501 (382 SE2d 200) (1989). See also *Allsup v. State*, 250 Ga. App. 53, 54 (1) (550 SE2d 425) (2001). Our task on appeal is to "determine only whether the circumstances here, taking into account the evidence in favor of the finding and all reasonable inferences from that evidence, would prohibit the finding made by the jury." *Sims v. State*, 234 Ga. App. 678, 679-680 (1) (a) (507 SE2d 845) (1998) (holding that the question of what constitutes

---

under OCGA § 16-5-21 (a) (2)." (Citation, punctuation and emphasis omitted.) *Webb v. State*, 256 Ga. App. 653, 654 (1) (569 SE2d 596) (2002).

"cruel" or "excessive" pain for purposes of a cruelty to children conviction is not susceptible to a bright line rule and should be left for the jury's resolution in most cases).

(c) Guided by these principles, we conclude that there was sufficient evidence that the victim sustained serious bodily injury as a result of being attacked with the wooden plank by Reynolds. In *Miller v. State*, 273 Ga. App. 761, 762 (1) (615 SE2d 843) (2005), we held that there was sufficient evidence to convict the defendant of aggravated assault where the victim "had bruises around her right eye, near her cheekbone, and on her neck." Furthermore, in *Allsup*, 250 Ga. App. at 54 (1), we concluded that one of the victims, a ten-year-old girl, sustained serious bodily injury where she "suffered visible bruising" to her face and had a black eye and bloody lips, and in *Price v. State*, 237 Ga. App. 54, 55 (1) (513 SE2d 40) (1999), we likewise concluded that the victim sustained serious bodily injury where her face was damaged, her eye was swollen, and she had a large bruise on the back of her head.

Similar evidence existed in the present case. Construed in the light most favorable to the verdict, the testimony and photographs admitted at trial reflect that as a result of being repeatedly struck with the two-foot-long wooden plank, the victim was bruised on multiple parts of her body and experienced soreness. The victim also testified that she "saw stars" and fell to the ground when Reynolds first struck her in the head with the plank. Given this evidence, a rational trier of fact was entitled to find beyond a reasonable doubt that the victim suffered serious bodily injury caused by Reynolds striking her on the head and back with the wooden plank. See *Miller*, 273 Ga. App. at 762 (1); *Allsup*, 250 Ga. App. at 54 (1); *Price*, 237 Ga. App. at 55 (1). Compare *Williams v. State*, 248 Ga. App. 316, 318-319 (1) (546 SE2d 74) (2001) (bruises and scratches on the victim's face were insufficient to prove "seriously *disfiguring*" element of aggravated battery). The trial court properly denied Reynolds' motion for a directed verdict of acquittal.

2. During the course of its deliberations, the jury requested that the trial court define serious bodily injury. The trial court rejected Reynolds' request that the jury be charged that a serious bodily injury is a "bodily injury which creates substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." (Citation and punctuation omitted.) *Rivers*, 255 Ga. App. at 423. Relying upon the *Rivers* case, Reynolds argues that the trial court erred in declining to give his requested charge. We disagree.

In order for a refusal to charge to constitute error, the charge must be an accurate statement of the law. See *Williams v. State*, 276 Ga. 384, 386 (4) (578 SE2d 858) (2003). But as noted in Division 1 (b),

the definition of serious bodily injury requested by Reynolds has never been adopted by this Court and runs contrary to our aggravated assault precedent. Accordingly, the trial court committed no error in refusing to give the charge.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

## DECIDED OCTOBER 23, 2008.

*Joseph S. Key*, for appellant.
*Scott L. Ballard, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.