**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 27, 2018**

# In the Court of Appeals of Georgia

A18A2133. ANDERSON v. STATE.

MARKLE, Judge.

This case stems from a domestic dispute between a father and his adult children. Herbert Eugene Anderson, Jr. was convicted by a jury of three family violence charges - one charge of simple battery (OCGA § 16-5-23 (f)) and two charges of trespass (OCGA §§ 16-7-21 (b), 19-13-1). He appeals, contending that there was insufficient evidence to convict on any of the charges. We agree, and the State concedes, that there was insufficient evidence to convict Anderson of trespass arising from his initial presence on the property, and we reverse that conviction. The evidence was sufficient as to the remaining two charges, however, and we affirm those convictions.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation and punctuation omitted.) *Scarborough v. State*, 317 Ga. App. 523, 523 (731 SE2d 396) (2012). "When an appellant challenges the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted; emphasis in original.) *Jackson v. State*, 309 Ga. App. 24, 24 (1) (709 SE2d 44) (2011).

So viewed, the record shows that, on June 7, 2016, Anderson's sons were at the home they share with their mother and sister. The older son asked Anderson if he could borrow money, and Anderson became agitated. Anderson began to criticize his sons' grandfather, and the encounter escalated when Anderson's youngest son, who was 25 years old at the time of the trial, interjected. Although Anderson was himself screaming, he got mad when his youngest son raised his voice back and spoke to him in a manner Anderson felt was disrespectful. Anderson threw a glass he was holding against a wall and then charged at his youngest son and got in his face. Anderson's youngest son extended his arm to keep Anderson at arm's length. Anderson then

2

shoved his youngest son and the two began pushing each other. Both of Anderson's sons told him to leave multiple times after he got violent, but Anderson did not leave. Anderson's oldest son called 911 when his father would not leave, and Anderson was still at the house when the police arrived.

Anderson was charged with simple battery family violence for intentionally making contact in an insulting and provoking manner with his youngest son in violation of OCGA § 16-5-23 (f) (Accusation No. 418068), criminal trespass family violence for entering a premises after receiving prior notice from an authorized person that entry was forbidden in violation of OCGA § 16-7-21 (b) (2) and OCGA § 19-13-1 (Accusation No. 418069), and criminal trespass family violence for remaining on the premises after receiving notice to depart in violation of OCGA § 16-7-21 (b) (3) and OCGA § 19-13-1 (Accusation No. 418070). Anderson was convicted by a jury of all three charges, and he now appeals.

1. Anderson contends the evidence was insufficient to convict him of simple battery (Accusation No. 418068). We disagree.

A person commits the offense of simple battery when he intentionally makes physical contact of an insulting or provoking nature with the person of another. OCGA § 16-5-23 (a) (1). Anderson contends that the jury could not have convicted

him of this offense because his youngest son was the aggressor, and because any contact with his adult son constituted legal parental discipline.

Taking the arguments in turn, the jury heard conflicting evidence as to how the verbal altercation escalated to a physical one. Both of Anderson's sons testified that Anderson made the altercation physical when he shoved his youngest son after his youngest son defensively tried to put physical distance between himself and Anderson. Anderson, on the other hand, testified that his youngest son was the initial aggressor. The jury even received a charge on the affirmative defense of self-defense. However, "[i]t is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient." (Citation omitted.) *Brooks v. State*, 281 Ga. 514, 516 (1) (640 SE2d 280) (2007). Here, the jury resolved the conflict against Anderson.

Anderson's argument that he was engaged in an authorized form of parental discipline likewise lacks merit. Anderson is correct that Georgia law exempts "corporal punishment administered by a parent or guardian to a child" and "reasonable discipline administered by a parent to a child in the form of corporal

4

punishment, restraint, or detention" from the definitions of simple battery and family violence, respectively. OCGA §§ 19-13-1, 16-5-23 (f).

Neither of these statutes define "child" with regard to these exemptions, but "[t]he General Assembly need not define every word it uses in a statute, as a cardinal rule of statutory construction is [that] the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter[.]" (Citation and punctuation omitted.) *Land v. State*, 262 Ga. 898, 899 (1) (426 SE2d 370) (1993); see also OCGA § 1-3-1 (b). We find that the ordinary signification of "child," in the context of parental discipline, is a minor. Not only is this common sense, but it is also consistent with the treatment of the term in the similar context of the affirmative defense of justification. The defense of justification can be claimed "[w]hen the person's conduct is the reasonable *discipline of a minor by his parent* or a person in loco parentis[.]" (Emphasis supplied.) OCGA § 16-3-20 (3); see also *Paul v. State*, 274 Ga. 601, 603 (3) (a) (555 SE2d 716) (2001) ("The conduct of a parent or one standing in loco parentis in administering the *reasonable discipline of a minor* is justified and is a defense to prosecution for any crime based on that conduct.") (emphasis supplied); *LaPann v. State*, 191 Ga. App. 499, 500 (382

5

SE2d 200) (1989) ("[A]pplied force is legally justified only when a parent's conduct in *disciplining a minor* is reasonable.") (emphasis supplied).

Anderson argues that if the parental discipline exemption does not extend to adult children, the family violence statute cannot be applied as between a parent and his adult child. This argument lacks merit. The fact that an exemption is available only to certain parents, those with minor children who the parents can properly and legally discipline, does not mean that the remainder of the statute cannot apply to all parents.

Accordingly, we do not find that the battery or family violence statutes permit a parent to corporally punish an adult child, and thus the jury was authorized to convict Anderson for his contact with his adult son.

2. Anderson contends that the evidence was insufficient to convict him of trespass for his initial presence on the property (Accusation No. 418069). The State concedes that this conviction should be reversed, and we agree.

The factual basis for the State's trespass charge in Accusation No. 418069 was that Sergeant Draper of the Bibb County Sheriff's Department had previously informed Anderson that he was banned from the property. Sergeant Draper did not testify at trial, however.

6

The State was required to prove each element of trespass beyond a reasonable doubt to convict for Anderson's initial presence on the property. OCGA § 16-1-5. This required proof that defendant knowingly and without authority entered upon the land or premises of another "after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden." OCGA § 16-7-21 (b) (2). Even if Sergeant Draper previously told Anderson not to enter the property, no evidence was presented at trial that such an instruction was authorized by an owner or occupant of the property. Consequently, the State failed to prove an element of the crime and this conviction must be reversed.

3. Anderson contends there was also insufficient evidence to convict for the other trespassing charge for refusing to leave the property (Accusation No. Accusation No. 418070). We disagree.

A person can also commit the offense of criminal trespass when he "knowingly and without authority . . . [r]emains upon the land or premises of another person . . . after receiving notice from the . . . rightful occupant . . . to depart." OCGA § 16-7-21 (b) (3). A person is entitled to a reasonable amount of time to depart, but "[w]hat constitutes a reasonable amount of time in the circumstances is a question for the

7

jury." (Citation omitted.) *Pressley v. State*, 269 Ga. App. 143, 145 (1) (c) (603 SE2d 699) (2004). Here, the jury heard evidence that Anderson's older son told him to leave more than once before calling police and that his younger son told him to leave more times than he could remember.[1] The jury was authorized to find that Anderson had reasonable time to leave between the time his sons told him to leave and when the police arrived, thus, the evidence was sufficient to convict Anderson of trespass pursuant to Accusation No. 418070.

*Judgment affirmed in part and reversed in part. McFadden, P.J., and Rickman, J., concur.*

---

[1] Anderson does not contest that his sons were lawful occupants who had legal authority to give him notice to depart.