**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 27, 2025**

# In the Court of Appeals of Georgia

A25A1282. ROYAL v. THE STATE.

FULLER, Senior Judge.

Following a jury trial, Kevin Royal was convicted of trafficking in methamphetamine. He now appeals the denial of his motion for new trial, contending the trial court erred by refusing to give his requested jury instruction on the element of knowledge regarding possession of the drug and its chemical identity, and allowing the prosecutor to argue in closing that the State was not required to prove such knowledge. For the reasons that follow, we affirm.[1]

---

[1] Oral argument was held in this case on June 3, 2025, and is archived on the Court's website. See Court of Appeals of the State of Georgia, Oral Argument, Case No. A25A1282 (June 3, 2025), available at https://vimeo.com/1091245057.

The material facts are undisputed. On October 6, 2021, Royal was a passenger in a car involved in a single-vehicle accident. Law enforcement responded to the scene, and a state trooper detained Royal after discovering that he had an active warrant. Royal was searched, and a bag of pills was discovered on his person. Royal told the trooper that the pills were "ecstasy" (MDMA).[2] A field test produced a positive result for MDMA, a Schedule I substance, as well as methamphetamine, a Schedule II substance. Royal was initially charged with possession of a controlled substance. However, testing by the Georgia Bureau of Investigation (GBI) crime lab later determined that the pills contained more than 28 grams of methamphetamine, and Royal was subsequently indicted on one count of trafficking methamphetamine for possessing more than 28 grams of a mixture containing methamphetamine.

At the ensuing jury trial, Royal's defense centered on his lack of knowledge that the pills contained methamphetamine. In support of this defense, Royal elicited several key facts on cross-examination: the trooper agreed that both he and Royal believed the pills contained MDMA, and the GBI forensic chemist conceded that

---

[2] "Ecstasy" is the common name for MDMA, an abbreviation for 3, 4-methylenedioxymethamphetamine. See *Smith v. State*, 297 Ga. App. 526, 526 n.3 (677 SE2d 717) (2009).

methamphetamine most commonly appears in the form of a crystalline substance—not a pill—and that the pills in Royal's possession had no signs of crystallization.

During the charge conference, Royal requested that the trial court give the jury the general pattern charge on knowledge and instruct the jury that the State must prove he had knowledge of the specific chemical identity of the substance he possessed, i.e., that he "knew the alleged controlled substance was methamphetamine." The trial court denied these requests, reasoning that knowledge was not required to prove trafficking after 2013, following the legislature's deletion of the knowledge element from the trafficking statute, and allowed the State to argue in closing that it was not required to prove Royal knew the specific substance was methamphetamine. The jury found Royal guilty, and the trial court subsequently denied Royal's motion for new trial, as amended. This appeal follows.

1. Royal argues that the trial court erred by refusing to instruct the jury that the State was required to prove he had knowledge that the substance he possessed was methamphetamine. This argument turns on whether the trafficking statute requires

proof that he knew the chemical identity of the substance he possessed. As we explain below, it does not.

Here, Royal was accused of violating the Georgia Controlled Substances Act by trafficking methamphetamine, specifically, by possessing more than 28 grams of a mixture containing methamphetamine. At the time of the offense, the trafficking of controlled substances statute provided, in relevant part:

> [A]ny person who sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine[.]

OCGA § 16-13-31(e). Notably, the plain language of the statute does not include a knowledge element.

Royal contends that the absence of an express knowledge element is not fatal to his claim because such an element is implicit in the trafficking charge here, which is based on possession. In support of that contention, Royal points to the simple possession statute, OCGA § 16-13-30(a), which also lacks an express knowledge element, but nonetheless requires proof that a defendant know the chemical identity

of the drug he possessed. See *Duvall v. State*, 289 Ga. 540, 542 (712 SE2d 850) (2011) (explaining that "[p]ossession of a controlled substance is not a strict liability offense," and that the criminal intent required by the simple possession statute, OCGA § 16-13-30(a), is "intent to possess a drug with knowledge of the chemical identity of that drug"). According to Royal, because possession served as the basis for the trafficking charge here, the trial court was required to charge the jury on the attendant knowledge requirement for simple possession.

On that basis alone, we might have been inclined to credit Royal's argument. Royal ignores, however, that the methamphetamine trafficking statute, OCGA § 16-13-31(e), once included an *express* knowledge element. Until 2013, this subsection of the trafficking statute read in pertinent part:

> Any person who *knowingly* sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine[.]

OCGA § 16-13-31(e) (2013) (emphasis added). But the General Assembly deleted the term "knowingly" from subsection (e), effective July 1, 2013. See Ga. L. 2013 at 227.

5

That deletion is significant, as our Supreme Court explained in *Scott v. State*, 295 Ga. 39 (757 SE2d 106) (2014). *Scott* dealt with the interpretation of subsection (a) of the trafficking statute, which is substantially analogous to subsection (e), which is at issue here, save that the former proscribes the trafficking of cocaine and the latter proscribes the trafficking of methamphetamine. The issue in *Scott* was what effect the General Assembly's deletion of "knowingly" throughout the trafficking statute had on the elements necessary to sustain a conviction. The Supreme Court recognized that the deletion of "knowingly" absolved the State of having to prove a defendant's knowledge to secure a conviction for trafficking:

> This legislative change does not explain what the term 'knowingly' was intended to mean when the statute was originally passed. What is more, such change is consistent with legislative confirmation that *proof of a defendant's knowledge of each element of the trafficking statute*, including weight of the drug, *was required in former versions of the statute, but that the General Assembly no longer intends that it be so*.

Id. at 41 (2) (citation modified).

This Court applied *Scott*'s reasoning to subsection (e) of the trafficking statute —the subsection that Royal was convicted under—in *Duffie v. State*, 359 Ga. App. 662 (859 SE2d 810) (2021) and reached a conclusion contrary to Royal's argument. Like

Royal, Duffie complained that the trial court had erred in his case by not instructing the jury that the State had to prove he knew the chemical identity of the substance that he was accused of having trafficked. Id. at 664 (1). The only appreciable difference between Duffie's and Royal's arguments is that Duffie raised the instructional issue as plain error under OCGA § 17-8-58(b), and Royal preserved the issue by objecting to the lack of an instruction below. See id. at 663.

That difference does not alter the outcome for Royal. We held in *Duffie* that the General Assembly's deletion of "knowingly" from the trafficking statute foreclosed Duffie's claim that the trial court was bound to instruct on that element. *Duffie*, 359 Ga. App. at 664–65 (1). The same reasoning pertains here: "Because OCGA § 16-13-31(e), the methamphetamine trafficking statute, was amended to delete the "knowingly" requirement, *we find no error*, much less clear or obvious error in the trial court's failure to sua sponte charge the jury on such a requirement." Id. at 665 (1) (emphasis added). Accordingly, this claim of error is without merit.[3] See id. See also

_____

[3] Royal attempts to avoid this conclusion by asserting that *Duffie* is factually distinguishable from his case because that case involved trafficking based on the sale of drugs which "requires the mens rea of intent to sell," while his case involved trafficking based on possession, which requires "intent to possess a drug with knowledge of the chemical identity of the drug." Pretermitting whether this assertion is entirely accurate, any such distinction is inconsequential. While *Duffie* did not

*Reynolds v. State*, 294 Ga. App. 213, 217 (2) (668 SE2d 846) (2008) ("In order for a refusal to charge to constitute error, the charge must be an accurate statement of the law.").

2. Royal also contends that the trial court erred by permitting the State to argue in closing that knowledge of the specific chemical identity of the substance is not a required element of trafficking methamphetamine. Royal's second contention fails for the same reason as his first. As discussed in Division 1, knowledge of the specific chemical identity of the drug is not an element of OCGA § 16-13-31(e). Because the State's argument was a correct statement of law, we find no abuse of discretion. See *Hart v. State*, 227 Ga. 171, 175 (6) (179 SE2d 346) (1971) ("The trial court has a broad discretion in controlling the argument and conduct of counsel in the trial of a case and, in the absence of a clear abuse, the exercise of that discretion will not be controlled.").

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*

---

specify the exact nature of the five trafficking charges at issue, it is clear that at least two of the charges did not involve sales. And, more importantly, *Duffie*'s analysis hinged on the language of OCGA § 16-13-31(e) in its entirety, which includes both sale and possession of 28 grams or more of methamphetamine. Thus, this Court's conclusion in *Duffie* that the "knowingly" requirement was deleted from the entire subsection applies to all methods of committing the offense of trafficking methamphetamine.